(34 Misc. Rep. 575.)

PEOPLE ex rel. JOSEPH v. JEROME et al.

(Supreme Court, Special Term. New York County.  April, 1901.)

HABEAS CORPUS—WARRANT—FICTITIOUS NAME.

Where, on habeas corpus, it is sought to obtain a release of relator, arrested on a proper warrant issued by a magistrate on legal proof of the commission of the crime, and of the time and place where it was committed, and setting forth the manner of identifying the person who committed it, the relator will not be discharged because he was described

in the warrant as "John Black No. 1," his real name not being known; it not being denied on the hearing that he was the person described as "John Black No. 1."

Proceeding by the people, on the relation of Max Joseph, against William Travers Jerome and James Hagan, to procure the release of relator, arrested under a warrant. Writs dismissed.

Gustavus A. Rogers, for relator.

Eugene A. Philbin, Dist. Atty. (Howard S. Gans, of counsel), for respondents.

FREEDMAN, J. This is a proceeding under a writ of habeas corpus, in conjunction with a writ of certiorari, by virtue of which the release of the relator is sought; he having been arrested under a warrant issued by the respondent William Travers Jerome, one of the justices of the court of special sessions. During the time intervening between the service of the writs and the argument upon the return made thereto, an examination of the relator was had before the magistrate, and he was held to bail to await the action of the grand jury. The relator attacks the validity of the warrant, and the proceedings taken before the justice issuing it prior thereto, but makes no claim that the subsequent commitment is illegal, except it was claimed upon the argument that, if the warrant was illegal and void, the subsequent action by the committing magistrate was also illegal, and the prisoner should be discharged. The warrant under which the relator was arrested is regular in form, and contains all the recitals required by section 151 of the Code of Criminal Procedure. It authorized the arrest of a person designated therein as "John Black No. 1." It was issued upon the deposition of one Isaac Silverman, containing positive allegations of a violation of section 344 of the Penal Code, by a person whose real name was stated to be unknown to the complainant, but who, he swears, was the dealer at a specified locality in this city in a certain gambling game, known as "Stuss," and with whom he bet money several times upon the chances involved upon the turn of cards, and in which game the complainant finally lost the sum of three dollars; and he further testified in such deposition that he could positively identify such dealer. Section 152 of the Code of Criminal Procedure provides that the "warrant must specify the name of the defendant, or, if it be unknown to the magistrate, the defendant may be designated therein by any name." In designating the person whose arrest was asked for as "John Black No. 1," the justice therefore complied with that section of the Code. It is not contended by the district attorney— nor could such contention be successfully asserted—that a magistrate has authority to issue a warrant in blank, or for the arrest of unknown persons, designating them by fictitious names, against whom no charge of the commission of crime has been made nor identification given, and by virtue of such warrant apprehend any or all persons found engaged in violation of the statutes against gambling; nor is that the situation presented by the facts in the case at bar. The deposition furnished to the magistrate prior to the issuing of the warrant herein showed the commission of a crime,

the time and place when and where committed, the means of identification of the person committing the same, and all the essentials to set the machinery of the law in motion, and the warrant consequently and necessarily issued.

I have carefully examined the authorities cited in the brief of counsel for the relator. They have little, if any, bearing upon the questions raised by him. Most of them arose in actions brought for false imprisonment, and many of them prior to the enactment of, and the amendments to, the present Criminal and Penal Codes. The principal case relied upon is that of West v. Cabell, 153 U. S. 78, 14 Sup. Ct. 752, 38 L. Ed. 643. In that case an action was brought against an officer for illegally arresting and imprisoning the plaintiff. The plaintiff's name was Vandy M. West, and he had never been known by any other name, and was a respectable man and well-known citizen, and innocent of the crime with which he was charged. These facts he stated to the officer at the time he was arrested, and offered to prove the truth of such statements. The warrant called for the arrest of one James West, who was the guilty man, and no other description of West was given either in the information laid before the magistrate who issued the warrant or in the warrant itself; and the trial court very properly held that the warrant was no justification to the officer, and gave him no authority to apprehend the plaintiff. In the case at bar the informant not only described the alleged criminal as the dealer and gambler, but he further swore that, although he did not know his real name, he could identify him, which was evidently done at the time the arrest was made; for no claim is made that the relator herein is not the person named in the deposition and designated in the warrant as "John Black No. 1," although his real name now appears to be Max Joseph. Under our present system of criminal jurisprudence, the methods by which a criminal is brought before a committing magistrate and charged with the commission of a crime are not very material, if such methods substantially conform to law, and the defendant is not prejudiced in some substantial right thereby. The writs are therefore dismissed, and the prisoner remanded to the custody of the warden.

Writs dismissed, and prisoner remanded.