**UNITED STATES of America**

v.

**Nicholas PISANO, Ann Pisano and John Credendino, Defendants.**

United States District Court
S. D. New York.
March 15, 1961.

Morton S. Robson, U. S. Atty. for Southern Dist. of New York, New York City, for the United States. David Klingsberg, Asst. U. S. Atty., New York City, of counsel.

William T. Griffin, New York City, for defendants.

MacMAHON, District Judge.

Defendant Ann Pisano is charged in a two count Information with violations of the wagering tax laws, 26 U.S.C.A. §§ 4401, 4411, 7262 and 7272. The aiding and abetting statute, 18 U.S.C.A. § 2, is also alleged in both counts.

Claiming to qualify as a person aggrieved by an unlawful search and seizure, Pisano renews an earlier motion to suppress evidence and for the return of specified gambling paraphernalia seized on September 30, 1958 under a search warrant issued on the preceding day. The motion attacks the search warrant as insufficient on its face, Rule 41(e) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A.[1], in that neither the warrant, nor the affidavits upon which it is founded, particularly describe the place to be searched in compliance with the command of the fourth amendment.[2]

A prior motion on the same ground was denied by Judge Murphy in an unreported memorandum on December 29, 1958. In denying the motion, my brother relied upon, and followed, authoritative decisions of several courts of appeal. Those decisions had laid down a rule that one who seeks to challenge the legality of a search must establish, either that he owned or possessed the seized property, or that he had a substantial possessory interest in the premises searched. The rule was well settled. See Connolly v. Medalie, 2 Cir., 1932, 58 F.2d 629, 630; Scoggins v. United States, 1953, 92 U.S. App.D.C. 29–30, 202 F.2d 211, 212; United States v. Eversole, 7 Cir., 1954, 209 F.2d 766, 768; Accardo v. United States, 101 U.S.App.D.C. 162, 163–164, 247 F.2d 568, 569–570, certiorari denied, 1957, 355 U.S. 898, 78 S.Ct. 273, 2 L.Ed.2d 195; Grainger v. United States, 4 Cir., 1946, 158 F.2d 236. But change ever hovers over hornbook law. This rule was no exception.

Shortly after the decision of the earlier motion, the Supreme Court, in Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, departed from the course set by the lower courts. As a result, it is no longer necessary in order to qualify as a person aggrieved by a search to show ownership or possession of the seized property or a substantial possessory interest in the invaded premises. Rejecting the old criteria, the Supreme Court formulated a rule that "anyone legitimately on premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him." 362 U.S. at page 267, 80 S.Ct. at page 734.

Here, the return to the warrant recites that the agents conducting the search left a copy with Pisano and gave her a receipt for the seized property. Rule 41(d) of the Federal Rules of Criminal Procedure requires that the officer executing the warrant give a copy and a receipt for the seized property

---

1. Rule 41(e) (2) provides:
   "(e) Motion for Return of Property and to Suppress Evidence. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for the use as evidence anything so obtained on the ground that * * * (2) the warrant is insufficient on its face * * *."

2. The fourth amendment provides:
   "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

"to the person from whom or from whose premises the property was taken."

■ It seems clear, therefore, that the agents executing this warrant recognized Pisano as "the person from whom or from whose premises the property was taken." That uncontradicted fact establishes that Pisano was either the victim of the seizure or legitimately on the premises in charge of the store. This is all that need be established in order to show standing sufficient to challenge the legality of the search. Jones v. United States, supra; Foster v. United States, 8 Cir., 1960, 281 F.2d 310.

■ Thus, it becomes necessary to consider the motion on its merits. The fourth amendment specifies that a search warrant must particularly describe the place to be searched. This requirement is satisfied if the description identifies the place intended to be searched with sufficient distinction to enable the officer executing the warrant to identify and locate the place with a reasonable degree of effort. Steele v. United States, 1925, 267 U.S. 498, 503, 45 S.Ct. 414, 69 L.Ed. 757.

The warrant and the supporting affidavits here describe the intended place as "a grocery store known as 'Esta's', located on the ground floor of a building at 129 West 3rd Street, Mount Vernon, New York * * *." Actually, however, "Esta's" was located not at 129 but at 109 West 3rd Street. Despite the misstated number, the place intended to be searched was identified by significant, and far more unmistakable, guides than the mere number of the building. Certainly, given these explicit directions, the most groping stranger could find his way to "Esta's" grocery store on West 3rd Street in Mount Vernon with little, if any, effort. But the agents executing the warrant were not strangers. They had been observing "Esta's" store for two weeks, and photographs attached to the opposing affidavits show a large sign bearing the name "Esta's Food Market."

The minor error in the middle digit of the building number fades to insignificance when held against the light of the other distinguishing details and the agents' knowledge of the place intended to be searched. United States v. Contee, D.C.D.C.1959, 170 F.Supp. 26.

■ In United States v. Kenney, D.C. D.C.1958, 164 F.Supp. 891, on which defendant relies, the sole description of the premises was an incorrect street address. Without any other clue pointing the way to the intended place, the margin of error in Kenney was so broad as to expose innocent persons to an unreasonable search without proof of probable cause. Here, however, the trail was too well marked to mislead the agents. The warrant, therefore, complied in all respects with the requirements of the fourth amendment. Accordingly, defendant's motion to suppress and for return of the seized property is denied.

■■ Defendant's motion for a severance remains for consideration.[3] The Information, the defendant urges, names three defendants in each count without charging specifically that they acted jointly. The argument overlooks the fact that the Information cites the aiding and abetting statute, 18 U.S.C.A. § 2. This is sufficient to charge the defendants with joint participation in the acts alleged, for a necessary prerequisite to a conviction for aiding and abetting is that a defendant "in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." United States v. Peoni, 2 Cir., 1938, 100 F.2d 401, 402; Nye & Nissen v. United States, 1949, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919.

Accordingly, defendant's motion for a severance is also denied.

3. Two other motions have been rendered moot by the government's consent to defendant's demand for a bill of particulars and its filing of a nolle prosequi as to an earlier Information filed against this defendant.