Bernard Tomson, J.
This is a motion to suppress “ certain pieces of paper taken from the person of Walter T. Johnson ” on the principal ground that the search warrant was “ constitutionally deficient for not particularly describing the place to be searched and the person of Walter T. Johnson ” as the person ordered to be searched.
The search warrant was issued out of the County Court directing the police ‘ ‘ to make an immediate search of the premises located at 25 Trinity Place, Hewlett, County of Nassau, New York, occupied by Walter Johnson and the person of Walter Johnson and a male believed to be the son of Walter Johnson and known fictitiously as John Doe within the aforesaid premises or in the immediate vicinity of Broadway, Hewlett, County of Nassau”.
Section 793 of the Code of Criminal Procedure reads: “A search warrant cannot be issued, but upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property, and the place to be searched.”
In People v. Rainey (14 N Y 2d 35) the affidavit for a search warrant described the defendant’s residence as “ a wood frame building approximately 326.34 number of feet, north of Sycamore Street; on the east side of Monroe Street ” and the warrant commanded a “ search of the entire premises * * * 52 Monroe Street in the City of Buffalo.” The court held that the warrant was constitutionally deficient for not particularly describing the place to be searched since the defendant resided in only one of two' separate residential apartments at the *245 address. The court stated (pp. 38-39): “ The purpose of the requirement for particularity of description of the place and person and things to be seized is to provide adequate means of identification which is not met by a generality commanding the search of an entire residential building when, as a matter of fact, probable cause exists for the search of but a single residential space located therein. * * * The validity of the search warrant depends on whether the showing, at the time of issuance, satisfies fundamental requirements as to the existence of probable cause and whether description of the premises to be searched and the person or things to be seized satisfy basic requirements. The paramount concern, then, is what transpires at the issuance of the warrant and not what occurs- thereafter. ’ ’ (See, also, People v. Feliciano, 23 A D 2d 806.)
It developed at the instant hearing that 25 Trinity Place was an apartment house with approximately 15 apartments, only one of which was “ occupied by Walter Johnson.” If the language of the search warrant authorized a search of all of 25 Trinity Place, it would therefore obviously be void. The warrant, however, need not be read with all the precision of a pedantic grammarian. (Cf. People v. DeLago, 16 N Y 2d 289, 290.) It would appear that the obvious intent and direction of the warrant here was to authorize a search of as much of the premises as was occupied by the defendants. This in fact, it developed at the hearing, was the practical interpretation placed on the search warrant by the detectives who searched only the defendants’ apartment.
See Kenney v. United States (157 F. 2d 442 [C. A., Sept. 1946]), where the warrant commanded the officers to search the 1 ‘ premises occupied by William C. Kenney and over which he has possession and control * * * said premises being described as 2211 N Street, N. W., Washington, D. C.” The appellant contended that, as the house at 2211 N. Street contained two apartments, one on the second floor and one on the third, there was not sufficient particularity in description of the warrant to give it validity. The court held that, in addition to the street and number of the house, the search warrant described the place to be searched as the “ premises occupied by William C. Kenney and over which he has possession and control,” and that was sufficient to satisfy the defendant’s constitutional guarantees.
The argument advanced that the warrant is further deficient in failing to further identify Walter T. Johnson also would appear to be without substance. The description in the warrant would apparently be sufficient for the purpose of section 152 of *246 the Code of Criminal Procedure relating to a warrant of arrest. (See, also, People ex rel. Joseph v. Jerome, 34 Misc. 575; People ex rel. Friedman v. Warden of City Prison, 37 Misc. 676.)
It would appear that the affidavits in support of the search warrant were sufficient to justify its issuance and that the warrant itself was not void, nor did the search itself violate any of the defendant’s rights. The motion is in all respects denied.