UNITED STATES of America,

v.

Calixto GOMEZ, Defendant.

No. 67 Cr. 296.

United States District Court
S. D. New York.

June 21, 1967.

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, by Paul K. Rooney, Asst. U. S. Atty., New York City, for plaintiff.

Abraham Solomon, New York City, for defendant.

MANSFIELD, District Judge.

This is a motion attacking a search and seizure of narcotics pursuant to a warrant issued by the United States Commissioner on the ground that the warrant "fails to comply with Rule 41 of the Rules of Criminal Procedure for the United States District Court." Although the moving papers fail to specify the basis of attack, the reply affidavit of defendant's counsel contends that the warrant was void for failure to describe with sufficient particularity the premises to be searched. The premises are described in the warrant as "130 W. 74th St., Basement Apt., New York, N. Y." Defendant contends that this description is insufficient for the reason that the premises are a multi-unit apartment house in which there is located more than one basement apartment.

The standard for determining whether a search warrant complies with Constitutional requirements is one of practical accuracy rather than technical nicety. The test to be applied is whether the description in the warrant is sufficient to enable the officer armed with it to ascertain and identify with reasonable

**348**

effort the place intended to be searched. Steele v. United States (No. 1), 267 U.S. 498, 503, 45 S.Ct. 414, 69 L.Ed. 757, (1925); United States v. Klaia, 127 F.2d 529 (2d Cir. 1942); United States v. Santore, 290 F.2d 51 (2d Cir. 1960), cert. denied, 365 U.S. 834, 81 S.Ct. 745, 5 L.Ed.2d 743 (1961). In resolving the issue of identification of premises, the court may take into consideration the familiarity of the officers executing the warrant with the particular location involved. United States v. Pisano, 191 F. Supp. 861 (S.D.N.Y.1961).

█ The warrant issued by the Commissioner in the present case fully satisfies Constitutional requirements. Although there was more than one basement apartment in the premises, the officers who obtained the warrant had familiarized themselves with the basement apartment through surveillance during a period of two days preceding their obtaining and executing the warrant, and they could identify the particular apartment to be searched. Thus the description here was more specific than those in warrants upheld in *Klaia, Santore,* and *Pisano,* supra.

In all other respects the warrant appears to meet not only Constitutional requirements but also those specified by Rule 41, F.R.Crim.P. It was issued on an affidavit clearly disclosing ample circumstances forming grounds for the Commissioner's finding of probable cause. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L. R.2d 233 (1960); Aquilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L. Ed.2d 723 (1964); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L. Ed.2d 684, (1965).

In view of the foregoing, the defendant's motion must in all respects be denied.

So ordered.