STATE OF CONNECTICUT *v.* MARIO R. TRAMANTANO

SUPERIOR COURT NEW HAVEN COUNTY FILE No. 15819
AT NEW HAVEN

Memorandum filed November 19, 1969

*Dennis F. Gaffney,* assistant state's attorney, for the state.

*Jacobs, Jacobs, Grudberg & Clifford,* of New Haven, for the defendant.

SHAPIRO, J. On Tuesday, January 7, 1969, members of the Connecticut state police in conjunction with members of the Branford police executed a

search warrant for the Silver Dollar Restaurant, located at 491 Main Street, Branford, Connecticut, as well as for Robert M. Tramontano. This warrant was issued on the basis of information received from a confidential informant which was corroborated by the personal observations of the activities of the defendant by two state police officers. These undercover officers submitted sworn affidavits of their observations which formed a substantial part of the application for the search warrant. The defendant has filed a motion to suppress evidence and has introduced various documents to establish the identity of the defendant as Mario R. Tramantano rather than Robert M. Tramontano as stated in the warrant.

The defendant contends that the warrant fails because the person to be searched is not described "as nearly as the circumstances permit," citing *Gray* v. *Davis,* 27 Conn. 447, 457; that the description is not one which would distinguish the person to be searched from all other persons; that the person to be searched is not described with sufficient certainty so that the officer executing the warrant can know for whom the warrant was intended; and that the person to be searched is not described in such a manner as to leave the officer with no doubt or discretion with regard to the subject of the search. The court also has before it the motion to suppress, which sets forth the claim that "evidence was obtained in violation of the defendant's rights under the Fourth and Fourteenth Amendments to the United States Constitution, Article 1, Section 7 of the Constitution of the State of Connecticut, and the relevant portions of the Connecticut General Statutes, in one or more of the following respects: [1] the warrant is insufficient on its face; [2] the property seized is not described in the warrant; [3] there was no probable cause for believing the

existence of the grounds on which the warrant was issued; [4] the warrant was issued without a sufficient independent judicial determination of probable cause; [5] the warrant was illegally executed."

The fourth amendment to the constitution of the United States provides in part: ". . . no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The real question presented by the motion to suppress, as argued in the plaintiff's brief, is whether the defendant is described with sufficient particularity as established by the fourth amendment. Such particularity is necessary in order to protect individuals from general searches. In *Steele* v. *United States,* 267 U.S. 498, 503, the Supreme Court of the United States said: "It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended."

The further argument is made that certain items were seized from the defendant which were outside the scope of the search warrant and that, therefore, "exhibits F and G-1 and 2 and any items seized from . . . [him], should be suppressed and excluded from evidence in any future hearings."

The facts of the instant case should be analyzed to ascertain whether the search warrant complied with the standard established in *Steele* v. *United States,* supra. This approach must be on a common-sense basis rather than upon a supertechnical basis requiring elaborate specificity. *State* v. *Daniels,* 46 N.J. 428, 437.

The first page of the affidavit and application for the search and seizure warrant declares that the person sought to be searched is "Robert M. Tra-

montano, W. M., D.O.B. 4-17-10." This same description is set forth in the search and seizure warrant itself. It should be noted that the full name of the defendant herein is Mario Robert Tramantano. The defendant is admittedly a white male and his date of birth is April 17, 1910. Trooper James R. Chayer concludes his affidavit regarding his observations of the activities of the defendant by noting that "in the Criminal Intelligence Office of the Connecticut State Police in Hartford, I was shown a photograph. I positively identified this photo as that of the man identified as Mr. Tramontano in the Silver Dollar Restaurant. The photo was then identified to me by trooper Kirby Hawkes of the Criminal Intelligence Division as that of a photo taken by the New Haven Police Department of Robert Mario Tramontano, of 2 Fairlawn Ave., Branford, D. O. B. 4-17-10." Likewise, Trooper Chayer describes his observations of the activities of "Robert Mario Tramontano." Trooper Mario Garofalo states, "I was assigned to observe Robert Mario Tramontano, 2 Fairlawn Avenue, Branford, Connecticut, for any possible gaming activity." It is noted that 2 Fairlawn Avenue is admittedly the residence of the defendant. Finally, the physical description of the defendant by Troopers Chayer and Garofalo is consistent with that in the testimony of Attorney Edward Reynolds, original counsel for the defendant in this matter. Thus, the affidavits and warrant not only identify the person to be searched as Robert Mario Tramontano but also set forth the physical description of the defendant and his correct residence and date of birth.

In determining the sufficiency of a description in a search warrant, recourse may be had to the affidavits attached thereto. *United States* v. *Bozza,* 365 F.2d 206, 224; *United States* v. *Markis,* 352 F.2d 860, 864; *Vinto Products Co.* v. *Goddard,* 43 F.2d

399; *United States* v. *Kaplan*, 16 F.2d 802; *Petition of Barber*, 281 F. 550, 554. In *State* v. *Daniels*, 46 N.J. 428, 438, the court stated: "We do not mean to be understood to say generally that the personal knowledge of the officer executing the warrant, of the place intended to be searched, could cure a vitally deficient description, but merely, where as here, the error is at the worst innocent and technical, and there is additional descriptive language which properly identifies the place, such knowledge is an element to be considered." In *United States* v. *Epstein*, 240 F. Sup. 80, the court held that the fact that the defendant was erroneously described in the warrant as "Bella" rather than "Blanka" Rosenfeld did not require that a motion to suppress be granted. The court stated (p. 83): "Neither warrant nor affidavit is defective because Mrs. Rosenfeld is incorrectly referred to as 'Bella'; it is enough that the affidavit and warrant correctly set forth her married name, her husband's full name, and their address."

In the present case the affidavits and warrant correctly set forth the defendant's middle and last name and his date of birth, physical description and address. Such details are consistent with the constitutional requirements of a particular description and more than satisfy the standard as established by *Steele* v. *United States*, 267 U.S. 498, 503. In *Weller* v. *Russell*, 321 F.2d 848, 853, the application for the search warrant contained the incorrect first name of the woman occupying the house in question, but the affidavit also referred to the woman by her correct last name and correctly referred to her as the wife of the man who resided in the house. The court held that the warrant was validly issued. In *People* v. *Johnson*, 49 Misc. 2d 244 (N.Y.), a search warrant was directed against a person occupying particular premises and "a male believed to be the son of" the occupant of the premises. The

court found that this description was not deficient in failing further to identify the son.

The Supreme Court of the United States has declared that highly technical attacks upon affidavits and warrants are not to be encouraged. In *United States* v. *Ventresca,* 380 U.S. 102, 108, the court stated: "These decisions reflect the recognition that the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."

An officer, with reasonable effort and application, could not only have identified the person commanded to be searched but, with this warrant, would not have been justified in searching any other person than the defendant. The warrant is valid and so is the search based upon it, and the property seized was properly taken pursuant thereto.

The motion to suppress is denied.