**UNITED STATES of America**

v.

**Raymond Morris GOODMAN et al.**

**Crim. No. 69 HCr 36.**

United States District Court,
N. D. Indiana,
Hammond Division.

March 20, 1970.

---

Marvin Loewy, Department of Justice, Washington, D. C., William C. Lee, U. S. Atty., Fort Wayne, Ind., J. Frank Kimbrough, Asst. U. S. Atty., Hammond, Ind., for the United States.

Charles Grubb, Cedar Lake, Ind., for defendants.

## MEMORANDUM

BEAMER, District Judge.

On October 29, 1968, the Federal Bureau of Investigation (F.B.I.) conducted a search pursuant to a search warrant issued by the United States Commissioner at Hammond, Indiana. The defendants seek to suppress evidence and to obtain the return of the gambling paraphernalia seized by agents during that search.

The search warrant stated that various types of gambling paraphernalia for use in horse race betting were concealed on the premises described as: "The room on the first floor level at the front of a two-story building located at 517 Conkey Street, Hammond, Indiana, the entrance to said room being at the front of said building. Within this room is contained a desk, drawers, cabinets and containers of various descriptions. * * *"

The Government admits that the premises searched were in fact 519 Conkey Street, not 517 Conkey Street. The property is listed as 519 Conkey Street in the County Assessor's office. Testimony at the hearing disclosed that a number 519 was painted on the window glass in the transom above the door on the front of the building. The paint was faded; because of the awning over the front of the building, the numbers could only be seen from the sidewalk in front of the entrance. The Hammond City Directory, which was relied upon by the agents in determining the address used in the warrant, lists Marty's Restaurant and Lounge as 519 Conkey Street. The City Directory has no listing for 517 Conkey Street. Since the agents intended to search the room immediately west of Marty's Tap, the agents assumed that 517 was the proper number.

Although the search warrant bore the incorrect street number, it is the opinion of this Court that the warrant sufficiently described the premises to be searched and was not illegally executed.

The Supreme Court has stated the test for determining the sufficiency of a description in a search warrant in Steele v. United States, 267 U.S. 498, 503, 45 S.Ct. 414, 417, 69 L.Ed. 757, 760 (1925):

> It is enough if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended.

In interpreting this rule, Judge Mansfield stated in United States v. Gomez, 42 F.R.D. 347 (S.D.N.Y.1967):

> The standard for determining whether a search warrant complies with Constitutional requirements is one of practical accuracy rather than technical nicety.

At the time the search warrant in this case was executed, the agents had in their possession the affidavit upon which the search warrant was based. The affidavit twice referred to the premises to be searched as "the room located immediately next door to Marty's Tap." The affidavit refers to Marty's Tap as being 519 Conkey Street. Directly east of Marty's Tap is Van Buren Avenue. Immediately west of Marty's Tap are those premises which were in

fact searched. The description in the affidavit of "the room located immediately next door to Marty's Tap" thus unmistakably locates the premises to be searched as those occupied by Goodman.

It does not appear that any mistake could have been made in the building to be searched. No building or room on the block displays the number 517. The building west of the premises searched houses the Hammond News Agency. That building consists of an office and an adjoining garage-warehouse area. On the door of the office is the address 515; there is no address on the garage-warehouse portion of the building. The garage-warehouse clearly does not fit the description of the premises to be searched in the search warrant. The search was to be made of "the room on the first floor level at the front of a two-story building. * * *" The garage-warehouse would not be described as a room. The Hammond News Agency is a one-story building, not a two-story building. The description of the contents of the room as "a desk, drawers, cabinets and containers of various description" also seems inapplicable to the garage-warehouse.

Also of significance is the fact that the agent executing the warrant knew which premises were to be searched. The agent had been specifically shown the front and the rear of the building to acquaint him with it so that he would be able to execute the search warrant. The agent had later returned so as to become even more familiar with the premises. In United States v. Gomez, supra, 42 F. R.D. at 348, the Court stated:

> In resolving the issue of identification of premises, the court may take into consideration the familiarity of the officers executing the warrant with the particular location involved. United States v. Pisano, 191 F.Supp. 861 (S.D.N.Y.1961).

The *Pisano* case parallels the facts here in many ways. In that case the premises to be searched were a grocery store known as "Esta's" located at 109 West 3rd Street. Both the warrant and the supporting affidavit misstated the address as 129 West 3rd Street. The Court stated 191 F.Supp. at page 863:

> Despite the misstated number, the place intended to be searched was identified by significant, and far more unmistakable, guides than the mere number of the building. Certainly, given these explicit directions, the most groping stranger could find his way to 'Esta's' grocery store on West 3rd Street in Mount Vernon with little, if any, effort. But the agents executing the warrant were not strangers. They had been observing 'Esta's' store for two weeks, and photographs attached to the opposing affidavits show a large sign bearing the name 'Esta's Food Market'.

> A minor error in the middle digit of the building number fades to insignificance when held against the light of the other distinguishing details and the agents' knowledge of the place intended to be searched.

The affidavit involved in this case clearly identified the premises to be searched, and provided the probable cause for the search. The room described in the search warrant and in the affidavit was the one which in fact was searched. This case is clearly distinguishable from those in which the search is of premises other than that for which probable cause had been shown.

Taking all the factors together, it is the opinion of this Court that the search warrant contained a sufficient description of the premises to be searched, and it was properly executed. Since the description in the search warrant was such that the officer, with reasonable effort, could (and did) ascertain and identify the place intended, it was sufficient. The motion to suppress and return the evidence seized under this warrant is denied.