Michael A. Castaldi, J.
Is a search warrant constitutionally deficient by reason of a misdescription in the name of the street on which the premises searched are located? Broadly stated, that is the question presented on these motions by defendants for ‘ ‘ an order controverting the search warrant herein and suppressing the evidence obtained thereunder ”. Apart from the misdescription of the street name, there is no question that the premises searched are in fact the premises occupied by defendants.
Although separately indicted, a single hearing on defendants’ motions was held and the testimony taken is equally applicable to each motion. The motions are, therefore, consolidated for the purpose of this decision.
In the affidavit of Detective Edward Wright, sworn to March 26, 1971, submitted in support of his application for a search warrant, the premises sought to be searched were designated as ‘ ‘ 132-32 Kew Gardens Road, basement apt. and second floor apt. of a three family house, Queens County, New York ”. The warrant that was thereupon issued authorized a search of the same-described premises occupied by the defendants herein. Detective Wright testified that prior to making the application, he visited the subject premises which he described as a three-story house having red brick design asphalt siding with white trim. When he visited the premises he noticed a street sign on the nearest intersecting corner upon which there were the names “ Kew Gardens Road ” and “ Hillside Avenue ”. It appeared to Detective Wright that the subject premises were physically on Kew Gardens Road, south of Hillside Avenue. Accordingly, the officer testified that he recorded the address “ 132-32 Kew Gardens Road ” in his notes at the time he inspected the premises. The same address was recited in his affidavit and in the search warrant.
Four photographs of the premises designated as ‘1132-32 Kew Gardens Road” were identified by Detective Wright as the premises he visited prior to obtaining the search warrant.
Defendant Debra Mongno testified that she and her codefendant husband, Glen Mongno, were present when the police came to their house and searched the premises pursuant to a search warrant. She testified further that on the day of their arrest she and her husband resided at “132-32 Hillside Avenue ”, which she stated was the correct address of the premises searched, and not “ 132-32 Kew Gardens Road ”, as appeared *817 in the search warrant. She acknowledged, however, that the premises shown in People’s Exhibits 3, 4, 5 and 6 were, in fact, the same premises searched by the police under the warrant and were the premises in which she and the codefendant resided at the time of their arrest.
The hearing was adjourned to afford the defendants the opportunity to subpoena such additional documentary evidence from the Topographical Bureau of the Queens Borough President’s Office as would reflect the street layout with relation to the subject premises. The court has been informed by both the attorney for the defendants and the Assistant District Attorney that, after examining the maps at the topographical bureau, it appears that the street address of the subject premises is “ 132-32 Hillside Avenue ” although said premises are physically located on Kew Gardens Road and that the first two houses on Kew Gardens Road bear ‘1 Hillside Avenue ’ ’ addresses. One of these houses is known as ‘ ‘ 132-32 Hillside Avenue ’ ’. In addition to the final map on file in the topographical bureau, see the “ Belch-Hyde ” Atlas.
Defendants contend that the search warrant contains the 1 ‘ wrong ’ ’ address of the premises sought to be searched. Therefore, they urge that the search was illegal and that the evidence obtained as a result of the search must be suppressed.
Neither the People nor the defendants have submitted any memorandum of law as to the specificity required in a warrant in describing the premises to be searched. After a research of the pertinent .decisional law as applied to the facts here presented, this court is of the view that the warrant and search made thereunder survive the legal challenge made by the defendants.
The controlling test as to sufficiency and correctness of description was broadly set forth by the United States Supreme Court in Steele v. United States No. 1 (267 U. S. 498). The court there stated at page 503: “It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended.”
The test of sufficiency of description as formulated in Steele has been consistently followed and applied in subsequent cases, particularly in the Federal courts. See, for example, United States v. Joseph (174 F. Supp. 539, affd. 278 F. 2d 504, cert. den. 364 U. S. 823); United States v. Pisano (191 F. Supp. 861), and United States v. Goodman (312 F. Supp. 556).
Tn United States v. Joseph (supra), the court upheld a warrant in a factual situation akin to the facts in the case at bar. Tn Joseph, the warrant contained the address “ 209 Court Ter *818 race ’ whereas the correct street address of the premises searched was 1 ‘ 209 Minersville Street ’ The court found as a fact that11 Court Terrace ” was a continuation of “ Minersville Street ’ ’ - and, further, there was no showing that any other premises was likely to be confused with the Joseph premises, regardless of which address was specified.
The principle underlying the cases cited (supra) maybe stated thusly. Technical errors in a portion of the description of the premises to be searched will not invalidate the warrant if the premises can be identified with reasonable effort and there is no reasonable probability that a search may be made of premises other than the one intended to be searched under the warrant.
There are cases reported in this and other jurisdictions supporting the general rule that failure to particularly describe the place to be searched will render the warrant constitutionally deficient. This is especially true where the search warrant is directed against multiple occupied premises and the warrant fails to describe the sub-unit with sufficient definiteness. Illustrative of cases in this category is People v. Rainey (14 N Y 2d 35).
It clearly appears from the opinion in Rainey that the search warrant commanded a search of “ entire premises # * 529 Monroe Street”. However, the entire premises consisted of two separate residential apartments. One apartment was occupied by the defendant Eainey; the other apartment was occupied by an innocent third person. In executing the warrant, the police searched both apartments notwithstanding that Eainey was the sole person as to whom probable cause existed for the commission of a crime.
In declaring that the warrant was void in its inception, the court held (p. 38) that the purpose of the Federal and State constitutional requirements “ for particularity of description of the place and the person and things to be seized is to provide adequate means of identification which is not met by a generality commanding the search of an entire residential building when, as matter of fact, probable cause exists for the search of but a single residential space located therein ’ ’. The court went on, however, to recognize and cite with approval the rule in Steele v. United States (supra) and other Federal cases holding that the constitutional requirements for particularity of description are designed to avoid ' ‘ a blanket search ’ ’ of the premises of the innocent. In essence, the court held that search warrants satisfy the constitutional requirements if there be reasonable means of identifying the premises to be searched. This represents a *819 common-sense test of determining the sufficiency of description of premises to be searched. (See, also, People v. De Lago, 16 N Y 2d 289, cert. den. 383 U. S. 963; People v. Montaparo, 34 Misc 2d 624; People v. Johnson, 49 Misc 2d 244.)
Returning to the instant motions and the hearing held thereon, these factors stand out:
(1) The premises to he searched are physically located on Kew Gardens Road, two houses away from the intersection with Hillside Avenue, albeit the premises are designated as 132-32 Hillside Avenue and not Kew Gardens Road.
(2) The premises consist of a single structure of which the particular unit “ basement apt. and second floor apt.” occupied by defendants was specifically recited in the warrant and supporting affidavit.
(3) The executing officer (Detective Wright) acted as a reasonably prudent person would have acted in designating the street address of defendants ’ premises as ‘ ‘ 132-32 Kew Gardens Road ”.
(4) Any officer executing the warrant could not be misled into searching any premises other than the particular premises occupied by the defendants.
(5) The execution of the search warrant could not and did not result in a “ blanket search ” with a consequent interference with the rights of an innocent law-abiding citizen.
(6) In the ultimate, there was a nonconfusing misdescription of the name of the street on which the premises to he searched were located. Or, as stated in Steele v. United States (supra), the description of the premises occupied by defendants was such that in executing the warrant the officer could and did ‘1 with reasonable effort ascertain and identify the place intended ”.
For all of the reasons above stated, the court concludes that the warrant and the execution thereof, with the consequent seizure of certain evidence, are upheld in all respects. Defendants’ motions are denied.