Morris Schwalb, J.
The People move to set aside an order granted by this court, on April 24,1973, to controvert the search warrants herein, suppress the physical evidence seized thereto, and consequently dismiss the case for lack of evidence.
The facts are as follows: On April 2,1973, a detective assigned to the Public Morals Division Central Investigation Unit swore out an affidavit which described observations of gambling made by an undercover police officer on three Chinatown premises and requested the court to issue a search warrant for ‘ ‘ gambling equipment, paraphernalia and gambling records ”. However, the warrants themselves refer to a search for “ narcotics,” and the affidavit and warrants are all headed “ Special Narcotics Courts of the City of New York ”. The People claim that the warrants were, in fact, for gambling equipment and that the stenographer, in not crossing out the word “ narcotics ” on the face of the warrants and adding a description of gambling paraphernalia, merely made a typographical error which does not invalidate the warrants.
The question for consideration here is whether an inconsistency in description of the property to be seized between that in the affidavit, which deals with gambling equipment, and that in the search warrants, specifying narcotics, renders the warrants fatally defective.
Subdivision 2 of CPL 690.35 provides that the application for a search warrant must contain “ (b) a statement that there is reasonable cause to believe that property of a kind or character described in section 690.10 may be found in or upon a designated or described place, vehicle or person; and (c) allegations of fact supporting such statement ”.
According to subdivision 2 of CPL 690.40, “ If the court is satisfied that there is reasonable cause to believe that property of a kind or character referred to in section 690.10, and described in the application, may be found in or upon the place, premises, vehicle or person designated or described in the application, it may grant the application and issue a search warrant directing a search of the said place, premises, vehicle or person and a seizure of the described property ”.
Moreover, a search warrant must include a “ description of the property which is the subject of the search ” (CPL 690.45, subd. 3).
*163 There is no ambiguity in the wording of the applicable sections : the court may grant an application for a search warrant which directs a seizure of the designated property, and a description of the property which is the subject of the search must be mentioned on the face of the warrant itself.
In support of their contention that the discrepancy between the affidavit and warrant does not invalidate the warrant, the People cite numerous cases. However, an examination of the specified cases does not bear out the People’s claim, since most of these cases deal with the issue of whether a technical error in the warrant itself, rather than an inconsistency between the affidavit and the warrant, was of such a nature as to render the warrant fatally defective. As for the question of whether the failure to correctly describe in the warrant the property to be seized resulted in, or was likely to lead to, a general search, it is assumed for purposes of this discussion that there was no such general search here.
In People v. Mongno (67 Misc 2d 815), the court held that technical errors in a portion of the description of the premises to be searched would not render the warrant defective if the premises could be identified with reasonable effort and if there was no reasonable probability that a search would be made of premises other than those intended to be searched under the warrant. The same address was recited in both the affidavit and the warrant. The situation in United States v. Joseph (174 F. Supp. 539, affd. 278 F. 2d 504, cert. den. 364 U. S. 823) was very similar. The identical address appeared in both the affidavit and the warrant, and the court concluded that, despite the error involved, there was no confusion about the place to be searched. United States v. Pisano (191 F. Supp. 861) and United States v. Goodman (312 F. Supp. 556) reiterate the same proposition: that the constitutional requirement that a warrant must particularly describe the place to be searched was satisfied although the warrant and the supporting affidavits contained some error in designating the address, where the error appeared to be minor and there was no possibility of a mistake as to the building to be searched.
In People v. Gnozzo (31 N Y 2d 134), People v. Glen (30 N Y 2d 252), and People v. Varney (32 A D 2d 181), the court in each case decided that'the defect involved was merely a technical one which did not justify invalidating the search. The alleged errors were failing to limit an eavesdropping warrant to daylight hours when there was no complaint as to the time the telephone interception was actually made (People v. Gnozzo, supra), issuing the warrant prior to the imminent or scheduled *164 arrival of the property designated in the warrant (People v. Glen, supra) and the lack of probable cause in the affidavit to justify a nighttime search for a warrant which authorized both a nighttime and daytime search and which was, in fact, executed during the daytime (People v. Varney, supra). In none of these cases was there a situation comparable to the one here: a gross inconsistency between what was applied for in the affidavit and what was actually authorized in the warrant. Moreover, the errors in the afore-mentioned cases were sufficiently insignificant to be deemed by the applicable courts to be merely technical.
The other cases referred to by the People are equally inapplicable here. In one of them, People v. McIver (31 N Y 2d 735), the police officer failed to sign his affidavit. The affidavit, however, contained the name of the officer, the signature of the Justice attesting that it was sworn to before him, and the signature of an assistant district attorney who approved it. On the search warrant was the signature of the Justice and a recital that proof by affidavit had been made before him. Under these circumstances, and in the absence of a statute specifically requiring the policeman’s signature, the court upheld the validity of the warrant, stating that the act of swearing, or affirming, together with the existence of an intent on the part of the officer to adopt the paper and his typewritten name appearing on it, was enough to validate the warrant. Additionally, the officer’s identity was sufficiently shown to render an autographed signature unnecessary. (See, also, People v. Johns, 41 A D 2d 342.)
In the present case, the affidavit and the warrant simply do not coincide. The warrant, on its face, does not bear any relation to the affidavit, and the defect in the warrant is not merely a technical one. In fact, it authorizes a search for property, narcotics, not at all mentioned in the affidavit. It is as if there is no probable cause whatever to support the issuance of the warrant in question. Further, subdivision 3 of GPL 690.45 expressly requires that a search warrant contain a description of the property which is the subject of the search. Here, the warrant clearly did not have such a description.
There is no scarcity of authority which supports the principle that all information necessary to show probable cause for granting a search warrant must be confined solely to the four corners of the affidavit itself. Tripodi v. Morgenthau (213 F. Supp. 735) ; United States v. Anderson (453 F. 2d 174); People v. George (274 N. E. 2d 26) and Mason v. State of Maryland (280 A. 2d 753) are only a few of the many cases which so hold. However, there is almost no authority directly on the point under discussion *165 here. Most cases dealing with search warrants concern the issue of what constitutes probable cause or whether the grounds of the search exceeded the mandate of the warrant, but that is not what is involved here. It is conceded that there was probable cause to issue a warrant to search for gambling equipment, and there has been no allegation that the search itself was in any manner improperly executed. The question is rather whether a complete inconsistency between the affidavit and the warrant as to the property to be seized renders the warrant fatally defective. This court holds that it does. The warrant is in violation of GPL 690.45 which requires that a search warrant contain a description of the property which is the subject of the search. In effect, there has been a failure of probable cause in that the warrant itself was in no way supported by the applicable affidavit.
In State of North Carolina v. Miller (16 N. C. App. 1, affd. 282 N. C. 633), the situation was almost identical to the present case. A form search warrant was issued based upon a form affidavit for the seizure of gambling equipment. The court held that the search was illegal, declaring the Magistrate, by simply signing without reading the paper which the police officer had placed before him, utterly failed to perform the important judicial function which it was his duty to perform as a neutral and detached Magistrate. Consequently, the search warrant which he signed was not merely technically defective; it was totally invalid since the finding of probable cause which he purported to make was in no way supported by the affidavit or evidence before him.
The reasoning of the court in the Miller case is equally applicable here. The vital constitutional protection which is ordinarily provided by the requirement that warrants be obtained, except in certain limited exception, prior to searches and seizures being undertaken would be greatly weakened if searches such as the one which occurred in the instant case were upheld. It is not sufficient for a Judge or Magistrate to merely sign whatever form is put before him; it is also his responsibility to determine whether there is probable cause for the issuance of the warrant in the first place, and it is difficult to understand how this function can be performed without deciding whether the warrant strictly conforms to the wording of the affidavit.
Consequently, the People’s motion is denied, and the court’s order of April 24, 1973, controverting the search warrant, suppressing the physical evidence seized thereto, and dismissing the case for lack of evidence is hereby affirmed.