THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD G. SPRAGUE, JR., Appellant.

Third Department, May 8, 1975

*Ingram & Ingram (Verner M. Ingram, Jr.,* of counsel), for appellant.

*William H. Power, Jr., District Attorney (Richard A. Dudley* of counsel), for respondent.

REYNOLDS, J. The judgment must be reversed. The search warrant here involved obtained by officers of the Canton Police Department authorized the search of "the residence located at 53 Gouverneur Street * * * and any persons found within the said residence". In order for a search warrant to validly authorize a search of a premises, it must contain "a designation or description of the place, premises or person to be searched, by means of address, ownership, name or other means essential to identification with certainty" (CPL 690.45, subd 4). The statute embodies the requirement of the Fourth Amendment to the United States Constitution which states that search warrants must particularly describe the place to be searched (US Const., 4th Amdt.). The United States Supreme Court in *Steele v United States No. 1* (267 US 498, 503) stated the basic requirements of the description: "It is enough if the description is such that the officer with a search war-

rant can with reasonable effort ascertain and identify the place intended."

The cases that followed *Steele* emphasized that while a minor error in the description was to be overlooked if there was no possibility of mistake as to the building to be searched *(United States v Goodman,* 312 F Supp 556; *United States v Pisano,* 191 F Supp 861; *People v De Lago,* 16 NY2d 289; *People v Law,* 55 Misc 2d 1075), the test required that there be no confusion about the identity of the place to be searched *(United States v Joseph,* 174 F Supp 539, affd 278 F2d 504, cert den 364 US 823). The test of determining the sufficiency of the description has been characterized as a common-sense test *(People v Nieves,* 36 NY2d 396; *People v Mongno,* 67 Misc 2d 815, 819). It will be satisfied if there is a nonconfusing description by which any officer executing the warrant could not be misled into searching any premises other than the particular premises occupied by the defendant, and the execution of the warrant could not result in a blanket search which could interfere with the rights of law-abiding citizens *(id., People v Rainey,* 14 NY2d 35).

In the instant case this test is clearly not met. The appellant's apartment was not even located on the residence labeled "53 Gouverneur Street" but in a separate A-Frame building located between 51 and 53 Gouverneur Street. A police officer receiving the instant order would thus have clearly searched the wrong building. Furthermore, even though only the multiple-dwelling A-Frame building was in fact searched, the warrant authorized a blanket search of all the apartments in the A-Frame which is also clearly improper *(People v Rainey, supra).*

The judgment should be reversed, on the law and the facts; the order denying motion to suppress certain evidence should be reversed, and the motion should be granted.

LARKIN, J. (dissenting). I respectfully dissent.

The Fourth Amendment of the United States Constitution and section 12 of article I of the New York Constitution provide, *inter alia,* that no search warrant shall issue unless it shall particularly describe the place to be searched. This Amendment was enacted in reaction to the evils associated with the use of the English general warrants and writs of assistance and its purpose is to preclude the use of general warrants *(Stanford v Texas,* 379 US 476). Particularity is required in order that the executing officer can reasonably

ascertain and identify the place authorized to be searched *(Steele v United States No. 1,* 267 US 498).

The test of determining the sufficiency of the description is a common-sense test *(United States v Ventresca,* 380 US 102; *People v Hendricks,* 25 NY2d 129). Hypertechnical accuracy and completeness of description need not be attained. It is enough if the description in the warrant and supporting affidavit be sufficiently definite to enable the searcher to identify the place to be searched *(People v Nieves,* 36 NY2d 396 [1975]). The searcher, in the instant case, was the very affiant on whose affidavit the search warrant was issued. He knew the place for which he sought the warrant. Courts in other jurisdictions have held that where a police officer knew the premises to be searched at the time of application for the warrant, a misdescription in the warrant will not be fatal *(Hanger v United States,* 398 F2d 91 [8th Cir., 1968]; *State v Doust,* 285 Minn 336). A grudging or negative attitude by reviewing courts will tend to discourage police officers from submitting their evidence to a judicial officer before acting *(United States v Ventresca, supra).*

The minor error in the description of the premises contained in the warrant herein, particularly in view of the fact that the officer obtained the warrant on personal knowledge and conducted the search himself, is insufficient to justify an invalidation of the search.

HERLIHY, P. J., GREENBLOTT and MAIN, JJ., concur with REYNOLDS, J.; LARKIN, J., dissents and votes to affirm in an opinion.

Judgment reversed, on the law and the facts; order denying motion to suppress certain evidence reversed, and motion granted.