**UNITED STATES of America, Plaintiff,**

v.

**Joe Clarke LOCKHART, Defendant.**

**No. CR–81–3–D.**

United States District Court,
W. D. Oklahoma.

Feb. 3, 1981.

---

Larry Patton, U. S. Atty. by Susie Pritchett, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Philip F. Horning, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

On January 8, 1981, the grand jury returned a Superseding Indictment against the above-named Defendant charging him with various firearms violations. This matter is presently before the Court on Defendant's Motion to Suppress.[1] Said Motion is supported by a Brief and the government has filed a Brief in opposition thereto. An evidentiary hearing was conducted in connection with the instant Motion on January 28, 1981, at which Defendant appeared in person and with his attorney, Philip F. Horning, and the government was represented by Susie Pritchett, Assistant United States Attorney for the Western District of Oklahoma.

At said hearing, Defendant indicated that he was seeking to suppress various firearms parts, weapons and ammunition seized during searches of his business premises and his residence in or near Faxon, Oklahoma. Both of these searches were conducted pursuant to search warrants issued by Magistrate Ronald L. Howland of this Court.

In support of his Motion to Suppress, Defendant contends that the items seized in the course of the two searches should be suppressed on the following grounds: (1) the search warrants failed to adequately and properly describe the location of the premises to be searched (only the residence search warrant); (2) the affidavits supporting the search warrants are insufficient on their face to support a finding of probable cause that seizable evidence of a crime or contraband would be located at the premises to be searched on the day that the affida-

---

1. All other Motions pending in this case will be considered by the Court in a separate Order.

vits were presented to Magistrate Howland; and (3) facts were omitted from the affidavits which would have suggested that no contraband or seizable fruits of a crime were located at the premises to be searched.[2] The Court will consider Defendant's contentions seriatim.

As noted above, Defendant contends that the search warrants in question failed to adequately and properly describe the location of the premises to be searched. Copies of the two warrants in question were admitted into evidence at the hearing on the instant Motion as Plaintiff's Exhibits 1 and 2. Also admitted into evidence as Plaintiff's Exhibits 3 and 4 were aerial photographs of the premises to be searched which are similar to the photographs attached to the two warrants. At the hearing Defendant withdrew this contention as to the business.

■ At the outset, the Court notes that an error in the description of the place to be searched is not automatically fatal to a search warrant. *United States v. DePugh*, 452 F.2d 915 (10th Cir. 1971), *cert. denied*, 407 U.S. 920, 92 S.Ct. 2452, 32 L.Ed.2d 805 (1972). The requirement of Rule 41(c), Federal Rules of Criminal Procedure, that the place to be searched must be described in the warrant is satisfied if the description is sufficient to enable the officers, with reasonable effort, to ascertain and identify the place to be searched. *Steele v. United States*, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925); *United States v. DePugh, supra; Wangrow v. United States*, 399 F.2d 106 (8th Cir. 1968), *cert. denied*, 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270 (1968); *United States v. Gomez*, 42 F.R.D. 347 (S.D. N.Y.1967).

■ In the instant case, the search warrant for the residence before the Court contains a clear and precise description of the premises to be searched and includes an aerial photograph thereof. The warrant for Defendant's residence also includes detailed directions on how to reach said residence. From the evidence presented the Court is of the opinion, without doubt, that an officer could, with reasonable effort, ascertain and locate the residential premises described in the warrant. Therefore, the Court finds and concludes that Defendant's contention that the search warrant herein contains an improper description of the residential premises to be searched is without merit.

■ Defendant next contends that the affidavits supporting the search warrants under consideration are insufficient to support a finding of probable cause. In this connection, the Court notes that an affidavit for a search warrant must be tested and interpreted by the magistrate and the courts in a common sense and realistic fashion. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *United States v. Rahn*, 511 F.2d 290 (10th Cir. 1975), *cert. denied*, 423 U.S. 825, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975); *United States v. Lucarz*, 430 F.2d 1051 (9th Cir. 1970). Furthermore, the resolution of doubtful or marginal cases in this area should be determined by a preference in favor of the warrant. *United States v. Ventresca, supra.*

■ In the instant case, the affidavit in support of the search warrant for Defendant's residence recites that the affiant, Robert Valadez, who is a Special Agent for the Bureau of Alcohol, Tobacco and Firearms (ATF) and who testified at the hearing herein, and another ATF agent, Jerry Tate, had a series of meetings with Defendant either at Defendant's residence, his business or at a truck stop in Oklahoma City commencing on October 2, 1980, and ending on November 13, 1980, at which the purchase of various firearms was discussed and fire-

---

**2.** In his Motion to Suppress, Defendant makes a fourth contention that the search of a filling station owned by him that took place on January 6, 1981, was unsupported by a search warrant. However, Defendant did not argue or present evidence in support of this contention at the hearing on the instant Motion. Further-more, copies of a search warrant and supporting affidavit for the filling station were introduced into evidence as Plaintiff's Exhibit 2 at the hearing. Therefore, the Court determines that Defendant's contention that the search of his filling station was unsupported by a warrant is without merit.

arms were observed. This affidavit further recites that the affiant placed telephone calls to Defendant at his residence on December 3, 1980, December 15, 1980, and January 5, 1981, and summarizes these conversations. Turning to the affidavit in support of the search warrant for Defendant's business on which Special Agent Valadez was also the affiant, it appears that this affidavit contains a summary of the circumstances surrounding a purchase of a firearm from Defendant made by another ATF agent acting undercover on June 11, 1980. The affidavit further recites facts concerning meetings by the affiant and Special Agent Tate with Defendant at Defendant's residence and business on November 6, 1980, and November 13, 1980, and the items observed at these meetings.

A common sense reading of the two affidavits herein indicates that the same contain facts and circumstances within the personal knowledge of the affiant sufficient to establish probable cause for the issuance of the search warrants in question. The affidavits recite facts indicating criminal activity of a continuous nature. In fact, the affidavit for the residence search warrant recites facts indicating criminal activity taking place on the very day the affidavit was filed. On the other hand, the latest activities recited in the search warrant for Defendant's business took place nearly eight weeks prior to the date the affidavit was filed. However, it appears that this affidavit is sufficient for issuance of a search warrant when all elements of probable cause, including the nature and length of the criminal activity and the nature of the property to be seized, are contemplated in view of the practical considerations of everyday life. *United States v. Johnson,* 461 F.2d 285 (10th Cir. 1972); *see United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). Therefore, the Court determines that Defendant's contention that the affidavits supporting the search warrants herein are insufficient to support a finding of probable cause is without merit.

Finally, Defendant contends that facts were omitted from the affidavits which would have precluded a finding of probable cause. However, the testimony of Special Agent Valadez indicates that the omitted matter, to-wit a telephone conversation with Defendant on September 25, 1980, was not included in the affidavits merely because he felt that inclusion was not necessary. There is no evidence before the Court that this omission was deliberately done in bad faith or in reckless disregard of the truth. *See generally Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Furthermore, the Court is of the opinion that the substance of this conversation as testified to by Special Agent Valadez would not have precluded a finding of probable cause by Magistrate Howland as Defendant contends.

In view of the foregoing and after due consideration of all the grounds for suppression presented by Defendant in support of the instant Motion, the Court finds and concludes that said Motion should be overruled. Accordingly, the evidence obtained from the search of Defendant's residence and business premises should be admitted in evidence at the forthcoming trial herein.