**UNITED STATES v. WROBLEWSKI et al.**
No. 6860.

Circuit Court of Appeals, Seventh Circuit.
June 30, 1939.

Alfred E. Roth, of Chicago, Ill., for appellants.

James R. Fleming, U. S. Atty., of Ft. Wayne, Ind., and Luther M. Swygert, of South Bend, Ind., and Alexander M. Campbell, Asst. U. S. Attys., of Ft. Wayne, Ind., Elbert H. Loyd and Joseph H. Collier, both of Chicago, Ill., Attys. U. S. Treasury Department, for appellee.

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

Defendants were prosecuted under an indictment charging a conspiracy to violate the Internal Revenue Laws of the United States. The jury returned a verdict of guilty and from the judgment of the court thereon defendants have prosecuted this appeal. The case of defendants on appeal may be summarized as folllows:

(1) The trial court erred in overruling the petitions of defendants to vacate and

quash a search warrant and to suppress the use of evidence obtained under authority of the search warrant.

(2) The trial court erred in permitting prejudicial cross-examination of the defendant Edward Wroblewski.

(3) The trial court erred in overruling defendants' motion for a directed verdict of not guilty.

(4) The trial court erred in overruling the defendants' motion to declare a mistrial and withdraw the case from the consideration of the jury, the motion being predicated upon the remarks of the assistant United States Attorney in his closing argument.

The first alleged error is based on the proposition that the affidavit for a search warrant must particularly describe the things to be seized. It is not contended that the search warrant did not describe particularly the things to be seized, but it is insisted that since the affidavit failed to specifically describe the property to be seized, the search was an unlawful search in violation of the Fourth Amendment to the United States Constitution, U.S.C.A. It is the contention of the plaintiff, United States of America, that the Fourth Amendment does not require the affidavit to set out a particular description of the things to be seized, and that the search and seizure is legal if the facts stated in the affidavit show probable cause and if the place to be searched and the things to be seized are described particularly in the warrant.

The Fourth Amendment safeguards generally the right of the people against any unreasonable search and seizure, and specifically prohibits the issuance of a warrant except upon the conditions set out in the amendment. It is these conditions, or limitations, with which we are concerned. The pertinent language is as follows: "* * * and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

It is clear from the foregoing language that no warrant can issue lawfully in the absence of a showing of probable cause "supported by Oath or affirmation." But defendants urge that the statement of "probable cause, supported by Oath or affirmation" must also contain a particular description of the place to be searched and the things to be seized; while the plaintiff urges that the language "and particularly describing the place to be searched, and the persons or things to be seized," states a requirement for the form and substance of the search warrant. We agree with the construction of the plaintiff. "Probable cause," as used in the Fourth Amendment, fixes a legal standard and does not relate to verbal expression. It connotes a legal conclusion to be drawn from a statement of, or the existence of, facts. A showing of the existence of probable cause is an unqualified condition precedent to the issuance of a warrant to search and seize, but the warrant itself constitutes the lawful authority for the search and seizure. In the instant case the statement of facts, supported by oath, clearly supports the conclusion that certain property is being used on designated premises for the purpose of committing the felony denounced by "The statutes of the United States, to wit: Title 26 U.S.C.A." This constitutes "probable cause" for the issuance of a warrant to seize property which is being used in the perpetration of the felony. But as a further requirement for the issuance of a lawful warrant the warrant must particularly describe the premises and the "things to be seized."

As a practical matter the statement of facts, which discloses "probable cause," necessarily will describe, or designate, to some extent the premises to be searched and the things to be seized. But this is material only as an element of the showing of probable cause. In a case such as the instant one it would be difficult to imagine a showing of probable cause for the issuance of a warrant without a designation and description of the premises and some indication of the things to be seized, and that undoubtedly would be true generally. The scope of the showing of probable cause limits the scope of the search and seizure, but in any event particularity of description is not required as a separate particular in the statement of facts relied upon to show probable cause. Particularity of description in the warrant is necessary in order to identify the place to be searched and the things to be seized. It both defines and limits the scope of the search and seizure and by its particularity of description protects individuals from unreasonable search and seizure. The requirement of particularity of description in the warrant outlaws the vicious

practice of using warrants for general search and seizure.

■ In the instant case there is no contention that there was a failure to show probable cause by reason of inadequate description of premises or property to be seized; and in our opinion the validity of the search warrant did not depend upon the inclusion in the showing of probable cause of a statement particularly describing the premises to be searched and the things to be seized as a separate item.

We construe the language of the Fourth Amendment to mean that no warrant shall issue (1) unless there is a showing of probable cause supported by oath or affirmation, and (2) unless the warrant particularly describes the place to be searched and the things to be seized.

■ Furthermore, we are of the opinion that the affidavit describes the premises to be searched and the things to be seized with sufficient particularity to satisfy the constitutional requirement. The description of the premises is in detail and the evidentiary facts stated in the affidavit clearly disclose that the "things to be seized" consist of property which is being used to commit a felony, such property being a still, alcohol, and five gallon cans used as containers of alcohol.

■ We are of the opinion that the District Court did not commit prejudicial error in overruling the motion of defendant Edward Wroblewski to strike out and withdraw from the consideration of the jury certain portions of his cross-examination. The apparent object of the cross-examination was to impeach the credibility of the defendant by disclosing a prior violation of law. Defendant concedes that it was proper for purposes of impeachment to ask the defendant whether he had been convicted of a prior offense. The following questions were asked and answered without objection by defendant:

"Q. Were you ever in the liquor business before it was legal to handle it? A. Before? Yes, I was once.

"Q. Were you caught? A. Yes.

"Q. When? A. I don't remember.

"Q. Do you remember the year? A. No, I don't."

The foregoing was followed by the question "What sentence did you receive?" Thereupon counsel for defendant interposed the following: "I move that it be stricken, that the jury be instructed it is of no force and effect." In the course of the ensuing colloquy defendants' attorney stated that "If they intend to impeach his credibility, ask him when he was convicted." The colloquy continued thus:

"The Court: They have asked him if he was convicted. He said yes, but he does not remember what date. Now they are asking him—

"Mr. Roth: Was it prior to repeal? Let's ask the date.

"The Court: He has already asked the date. He said he did not know.

"The Witness: Maybe 1927 or 1926, I don't recall the year; prohibition.

"Mr. Roth: I move that this matter be stricken and withdrawn from the consideration of the jury, and that they be instructed to disregard it. It is highly prejudicial.

"The Court: I will overrule your motion and give you an exception."

Apparently defendants' objection was to the question "What sentence did you receive"; but that question and the preceding questions and answers, to which no objection was interposed, amount to an inquiry as to whether or not the defendant had been convicted of unlawful acts connected with the liquor business, and such a question would have been proper. The total information conveyed to the jury by all the questions and answers was that the defendant had been convicted of one offense at some time in 1926 or 1927. The District Court did not err in overruling defendants' motion.

In the course of his closing argument the attorney for the United States made the following reference to two co-defendants of the appellants:

"Is there any doubt in your minds that on the 23rd day of April, John Thornton transported two hundred thirty-five gallons of alcohol from the Wroblewski-Sparrow-Burba shipment in the city of Chicago, over and through the state of Indiana?

"They have admitted their part in this conspiracy, Thornton and Del Zoppo; they have admitted it. By virtue of their action taken in this case, according to the records of this court, by virtue of their plea of guilt, they have admitted—"

Counsel for defendants moved for a mistrial and that the case be withdrawn from the jury. The court overruled the

448

motion with the following statement: "Perhaps the remarks of Mr. Campbell calling to the attention of the jury the fact other defendants have entered certain pleas in this case should not have been mentioned to the jury. Therefore, I will instruct the jury not to consider that statement or consider the fact that two other defendants have entered pleas in this case. The motion, however, is denied."

The foregoing remarks were improper, and the District Court would have been justified in granting the motion to declare a mistrial and to withdraw the cause from the jury if it had not been for certain testimony by defendant William Wroblewski. He had testified fully and freely about the sale of the lots of alcohol to Del Zoppo and to Thornton and the jury was thus fully cognizant of facts which established the relation of Del Zoppo and Thornton to the alleged conspiracy. The jury thus being aware of the overt acts of Thornton and Del Zoppo which constituted their contribution to the effectuation of the alleged conspiracy, the remarks of counsel could not have made any strong impression upon the minds of the jurors. And in view of the testimony we are of the opinion that the instruction given by the court was sufficient to prevent any possibility of prejudicial effect from the remarks of counsel for the United States.

Defendants urge that the evidence was not sufficient to sustain the verdict of the jury and that the court erred in overruling their motions for a directed verdict.

Defendant, William Wroblewski testified that he had been in the alcohol business six or eight months, and further testified that his brother, Edward Wroblewski, had nothing to do with the business which he, William, was conducting in Edward's garage. The testimony of William Wroblewski clearly established that he and Del Zoppo and John Thornton and others were committing substantive offenses in violation of the Internal Revenue Laws of the United States; and, although William Wroblewski and Edward Wroblewski both denied that Edward was in any way implicated in the illegal transactions, there was sufficient other evidence to justify the jury's finding that Edward

was participating therein, and that the defendants had acted in concert in carrying on the illicit business, which business included the commission of substantive offenses which the indictment alleged were the object of the charged conspiracy.

The offense charged is conspiracy to defraud the United States of tax on distilled spirits, carry on the business of a retail and wholesale liquor dealer in distilled spirits without having paid the special tax as required by law, remove and aid in the removal of distilled spirits, on which the United States Internal Revenue tax had not been paid, to a place other than a distillery warehouse or other bonded warehouse provided by law, conceal and aid in concealment of said spirits so removed, and possess certain distilled spirits, etc., the immediate containers of which distilled spirits did not then and there have affixed thereto stamps, etc.

There was no direct evidence of formal or express agreement among the defendants to commit the substantive offenses, but, as has been frequently pointed out in the opinions of courts, "a conspiracy may be proved and in fact is usually proved by circumstantial evidence, and overt acts of the parties with other attending circumstances may be considered in determining whether a conspiracy exists." [1]

When evidence is sufficient to prove that two or more persons, in voluntary cooperation, have participated in an enterprise which necessarily involves the commission of an indefinite number of substantive offenses, the conclusion is irresistible that there is such an understanding, or agreement, among them as to constitute in law a conspiracy to commit the offenses.

Defendants urge that where the evidence is susceptible of two inferences one of innocence and one of guilt, this Court is compelled to adopt the inference of innocence and reverse the conviction of the lower court. Defendants cite statements in the opinions of several Circuit Courts of Appeals which seem to support their position. Most of the statements occur in cases in which it appears that there was no substantial evidence tending to support one or more of the essential elements of the crime charged. In the case of Graceffo v. United States[2] the opinion of the Cir-

[1] Marx v. United States, 8 Cir., 86 F. 2d 245, 246, 250.

[2] 3 Cir., 46 F.2d 852, 853.

cuit Court of Appeals contains the following statement:

"It has been held by a long line of decisions in substance that, unless there is substantial evidence of facts which exclude every other hypothesis than that of guilt, it is the duty of the trial judge to direct the jury to return a verdict for the accused, and where all the evidence is as consistent with innocence as with guilt, it is the duty of the appellate court to reverse a judgment against the accused."

█ It appears from the opinion of the court in the foregoing case that there was an entire absence of any evidence of probative value to convict the defendant-appellant of the commission of the offense charged against him and eight co-defendants. The foregoing statement of the court obviously is a sound rule for the guidance of the trial court and is especially called for when circumstantial evidence is relied upon to obtain a conviction. Generally, the rule is stated as applicable only to circumstantial evidence. The rule is simply another form of the rule that the jury must be convinced beyond a reasonable doubt of the guilt of the defendant. For if, after considering all the evidence, a juror's mind entertains reasonably a hypothesis of innocence, it cannot be said that his mind is convinced of the guilt of the defendant beyond a reasonable doubt.[3]

█ In Karchmer v. United States[4] this Court reversed a judgment on the ground of insufficiency of the evidence to support the conviction, stating that "A thorough study of the entire record fails to reveal any substantial evidence which, standing by itself or read in connection with other testimony, points to appellant's guilt rather than to his innocence." But the opinion contains the further statement: "Had the record presented a case where conflicting inferences arose, or where the full significance of facts necessitated measurement and weighing by a jury, we would not disturb the verdict." The fore-going statements are not the expression of a rule that where there are two reasonable hypotheses arising from the evidence, one of which is innocence and the other guilt, a court of review may draw the inference of innocence. If the facts which the evidence establishes, or tends to establish, are rationally explainable only on a hypothesis, or, assumption, of innocence then a reviewing court can say that, as a matter of law, the evidence is insufficient to support a verdict of guilty; likewise, if there is an absence of evidence respecting an essential element of the offense charged. But such a case cannot be presented to a reviewing court when the record discloses questions of credibility of witnesses, conflicts in the evidence, degrees of probative value, or conflicting inferences which are equally reasonable. And one or more of the foregoing factors is always present when the evidence, wholly or in part, is in the form of testimony of witnesses.

In the instant case the inferences of fact to be drawn from the evidence depend largely upon the jury's evaluation of the testimony of the witnesses. There were obvious questions of credibility and probative value and there were material conflicts which could be resolved only by rejecting testimony.

The record in this case, in contrast to the record in the Karchmer case, supra, presents a case "where conflicting inferences arose and where the full significance of facts necessitated measurement and weighing by a jury." In the Karchmer case this Court said that the verdict rested upon speculation and conjecture; but in the face of the record in the instant case this Court would find itself involved in hopeless speculation and conjecture if it should attempt to pass upon the merits of the testimony upon which the jury rested its verdict.

The judgment of the District Court is affirmed.

---

[3] Gears v. State, 203 Ind. 380, 393, 180 N.E. 585; Rector v. State, 211 Ind. 483, 190 N.E. 172, 7 N.E.2d 794.

[4] 7 Cir., 61 F.2d 623.