## UNITED STATES v. WALDAU et al.
### No. 108.

Circuit Court of Appeals, Second Circuit.

Nov. 12, 1940.

Oliver D. Burden, of Syracuse, N. Y., for August G. Waldau and Ernest G. Berger.

R. S. & Smith Johnson, of Utica, N. Y. (Anthony S. Falcone, of Utica, N. Y., of counsel), for Mariano Longo.

Ralph L. Emmons, U. S. Atty., of Binghamton, N. Y., and Robert J. Leamy, Asst. U. S. Atty., of Oneonta, N. Y., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellants, with eighteen others, were indicted by a grand jury sitting in the Northern District of New York on January 22, 1940. They were charged in one count with having conspired, in violation of 18 U.S.C.A. § 88, to violate the internal revenue laws of the United States relating to the possession, maintenance, and operation of stills for the production of intoxicating liquor and the disposal of such liquor. They were tried by a jury; were convicted; sentenced and have appealed. They both rely for reversible error upon the denial of a motion for a directed verdict based upon an insufficiency of the evidence and upon the admission of certain evidence.

The indictment was supported by evidence from which the jury was justified in finding that there was a conspiracy in which thirteen defendants who pleaded guilty did participate. Among the defendants who so pleaded were Lima, Belmont, Nerschell, Fiore, Gentin, Barbara, Pfluke, Stark and L. G. Denslow.

The jury also had evidence upon which it could have found that appellant Longo and Lima tried in August, 1938, to buy a house at 341 Moore Ave., Herkimer, N. Y., and that Lima occupied the house before it became known to the real estate agent who had the property in charge that the owner would not sell; that when the house was vacated by Lima holes were found cut in the floors and the chimney. The furnace had been removed. It could also have found that Lima occupied another house in Herkimer, N. Y., in September, 1938, and that when he left holes were found cut in the first and second floors. Also that a still was discovered in Utica, N. Y., in January, 1939, with which Lima, Gentin and Belmont were connected. And that in February, 1939, premises at 2302 Oneida St., Utica were searched and four large vats found in the basement in which the remains of mash were found. Appellant Longo was shown to have purchased a boiler to be sent to those premises to be delivered to a man whose name he gave as Herbert Synder. Longo then had a key to the premises which he gave the boiler salesman to use in making the delivery. Also that in April, 1939, Lima, Pfluke, Stark and one Maciol operated a still at a farm in Forestport, N. Y., which was owned by L. G. Denslow. Also that in June 1939, Lima, Pfluke, and Stark were arrested at a still being operated at 2001 LeMoyne Ave., in Syracuse, N. Y., on premises leased by appellant Waldau in a barn about seventy-five feet from the house where Waldau lived. All this was done without complying with the applicable United States revenue laws.

From the foregoing it is an almost necessary inference that Lima and Longo were, from August, 1938, well into 1939, engaged in a conspiracy with the others named to operate a series of stills with locations being changed as the requirement of secrecy made advisable and that Waldau participated with knowledge of the conspiracy in providing one location on his premises. Such evidence amply supported a verdict to the effect that both appellants were parties to an understanding which had for its object the violation of the revenue laws and that both willingly participated in carrying out the agreement. See United States v. Wroblewski, 7 Cir., 105 F.2d 444. In view of such evidence, the motion for a directed verdict was properly denied. There was substantial evidence to establish

488

the conspiracy charged and that was enough to take the case to the jury. Wilder v. United States, 10 Cir., 100 F.2d 177.

Appellant Longo complains because evidence was introduced as to the discovery of stills or the evidence of stills at premises with which he was not shown to have had a direct connection but there was enough evidence regarding them for the jury to find that they were part of the activities by which the conspiracy he joined was carried out.

Appellant Waldau makes the same contention but the admission of the evidence was not error as to either since they were in the conspiracy. McDonnell v. United States, 1 Cir., 19 F.2d 801. In such a case as this where circumstances reveal so much, appellate courts will not reverse "because unimportant and possibly irrelevant testimony may have crept in, unless there is reason to think that practical injustice has been thereby caused." Holmes v. Goldsmith, 147 U.S. 150, 164, 13 S.Ct. 288, 292, 37 L.Ed. 118.

This record contains so much evidence of the guilty willing participation of the appellants in the conspiracy as charged that it would have been surprising, indeed, had the verdict been otherwise.

Judgment affirmed.