**UNITED STATES**
**v.**
**Thomas W. KENNEY.**
**Cr. No. 563-58.**

United States District Court District of Columbia.

July 11, 1958.

Oliver Gasch, U. S. Atty., and Arthur McLaughlin, Asst. U. S. Atty., Washington, D. C., for the United States.

William J. Garber, Washington, D. C., for defendant.

TAMM, District Judge.

The defendant by a motion to suppress challenges the legality of the search of the premises occupied by him at 2124–8th St., N. W. in the District of Columbia. The motion arises from the following circumstances:

The police, after receiving information from an informer as to the whereabouts and business of the defendant, secured a search warrant for premises known as 2144–8th St., N. W., Washington, D. C. The police then proceeded to 2144–8th St., N. W., Washington, D. C. Upon their arrival, they asked for "Pot". They had been admitted by a person who was deaf and dumb. Only after having begun their search did the police realize that the address of the premises upon which they were present was 2124–8th St., N. W. and the premises described in the search warrant was 2144–8th St., N. W. This latter address is also the one used throughout the affidavits upon which the warrant was based. The defendant has filed a timely motion to suppress the evidence seized as a result of this search.

The Fourth Amendment to the Constitution of the United States is as follows:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to

be searched, and the persons or things to be seized."

The defendant states as one of the grounds in support of his motion to suppress: "that there was no search warrant authorizing a search of the premises, 2124–8th St., N. W., Washington, D. C., and, therefore the entry into those premises and the subsequent search and arrest of petitioner was illegal."

In the case of United States v. Sands, D.C.W.D.Wash.N.D. May 3, 1926, 14 F. 2d 670, at page 671, there is the following:

> "The execution of the search warrant was authorized in the daytime or nighttime, at 2310½ Seventh Avenue, premises of John Doe Anderson and Mrs. J. Anderson. The testimony did not disclose any No. 2310½. The second floor over 2308, or 2310, or 2312 was searched —these three numbers being over three separate doors on Seventh Avenue. The premises searched were a private residence—not of John Doe Anderson or Mrs. J. Anderson—and the search was made at 11 o'clock in the nighttime."

In granting the motion of the defendants to dismiss "for failure to show that a search warrant had been issued, and absence of fact showing reasonable ground for search warrant, and that the indictment does not state an offense, in that it does not show that a lawful search warrant had been issued," (at page 670), the Court wrote at page 672: "The motion is granted, first, because * * *; third, the premises searched were not described with sufficient particularity, or identified by the proof."

In the case of United States v. Wroblewski, 7 Cir., 1939, 105 F.2d 444, the Court held that the affidavit described the premises to be searched and the things to be seized with sufficient particularity to satisfy the constitutional requirement. Circuit Judge Treanor, at page 446, wrote the following:

> "* * * Particularity of description in the warrant is necessary in order to identify the place to be searched and the things to be seized. It both defines and limits the scope of the search and seizure and by its particularity of description protects individuals from unreasonable search and seizure. The requirement of particularity of description in the warrant outlaws the vicious practice of using warrants for general search and seizure."

The Court in the case of United States v. One 1949 Buick Sedanette, D.C., 112 F.Supp. 218, wrote as follows at page 220:

> "The legality of the seizure of the Buick depends, therefore, on the lawfulness of the search of the third building. The warrant obtained by the agents was directed solely to a search of the first building. As has been pointed out, no connection has been shown between this building and the still found therein and the Buick to justify the seizure of the car. The warrant gave no justification for any search of the third building, since it is limited to the premises particularly described therein, and cannot authorize a general search of nearby buildings not described. United States v. Wroblewski, 7 Cir., 105 F.2d 444, 446."

In the case of United States v. Hinton, 7 Cir., 1955, 219 F.2d 324, a Jane Wilson signed an affidavit stating that she had seen heroin being sold at 6423 Champlain Ave. This address was an apartment building wherein the basement and each of the three upper floors constitute separate floors. The Commissioner issued a warrant commanding search of the entire building. In holding that the warrant was not valid when issued, the majority of the Court, through Circuit Judge Swain, made the following comments beginning at page 325:

> "For purposes of satisfying the Fourth Amendment, searching two or more apartments in the same building is no different than searching two or more completely separate houses. Probable cause must be

shown for searching each house, or, in this case, each apartment.

"* * * Federal courts have consistently held that the Fourth Amendment's requirement that a specific 'place' be described when applied to dwellings refers to a single living unit.

"* * * The basic requirement is that the officers who are commanded to search be able, from the 'particular' description of the search warrant to identify the specific place for which there is probable cause to believe that a crime is being committed. * * * But the warrant here cannot be saved by the limiting effect of naming the persons whose residences are to be searched, because it expressly commanded the search of the entire building. * *

"If the officers had found that the defendants were the only ones living in the apartment building and that no innocent persons had actually suffered an unjustified search, the warrant would still be invalid. The validity of the warrant is dependent on the facts shown in the affidavit before the issuing authority. * *

"We are not being overtechnical in this. We are merely insisting, as we must, that in issuing search warrants the requirements of the Fourth Amendment be met. If innocent people were actually subjected to an unjust search under the warrant in question here, as might well be the case, it could still be argued that the defendants were not harmed thereby and, thus, should not be able to challenge the warrant because its coverage was too broad. * * * this argument has not been accepted by the courts because they are determined to discourage the practice of issuing warrants without a sufficient showing of cause, or, as in this case, when the cause shown does not cover as broad an area as the command to search."

In summary, the affidavits and the warrant refer only to 2144–8th St., N. W., and for the purposes of this point, assume that they establish probable cause for a search of said premises. But, 2144–8th St., N. W., was not the premises searched; 2124–8th St., N. W. was.

It is to be observed in a situation of this kind that the search warrant issued in a particular case may be, and often is, executed by an officer, or officers, who have no knowledge concerning the actual place to be searched. Officers acting in this situation would, from a reading of the address in the warrant, obviously search a premises for which a search warrant had been issued without probable cause.

The Court feels under the circumstances that the search in the present situation was an improper one, and the Court accordingly grants the defendant's motion to suppress the use of the contraband in this case as evidence against the defendant in the trial of this case.