ALLEN, Chief Judge.
Bertha Smith, defendant below, appeals her judgment and sentence entered upon a jury verdict for violation of the lottery statutes. The jury found the defendant guilty on three counts: (1) aiding and assisting in the setting up, promoting, or conducting of a lottery, (2) possessing certain implements and devices for conducting a lottery and (3) possessing certain tickets in a lottery. A one year sentence was passed on Count One.
Appellant’s four points on appeal will be discussed in order.
Appellant’s first contention, that the evidence was insufficient to support the jury verdict, is unmeritorious.
Officer Mount suspected appellant’s home of being used in connection with an illegal lottery. Friday evening of February 21, 1964, this officer kept appellant’s house under surveillance and observed a large number of people going in and out of the house. One of these people made an affidavit that the. house was used in connection with a lottery and that he had placed a bet there. The affidavit was the basis of a search warrant giving Officer Mount authority to make a search of the premises, Saturday morning of February 22, 1964.
The search of appellant’s house produced several articles that a qualified expert, Deputy Henning of the Hillsborough County Vice Squad, identified at trial as those used in an illegal lottery called “Bolita” or “Cuba.” The articles found were: a paper bag containing wads of money folded inside pieces of paper called lottery tickets, paper ripped into pieces, that when fitted together showed a list of lottery numbers, *463 three “dream books,” used to correlate a player’s dream with a lucky number.
The expert, a prosecution witness, described the customary manner of conducting a “Bolita” lottery operation and testified that the aforedescribed paraphernalia received in evidence was characteristic of such a lottery. The record showed that appellant was not just a buyer of Bolita. Deputy Henning went on to testify that the activities of a writer, seller of Bolita, an integral part of the lottery, were of the nature as those carried on by appellant, as shown by the articles found in her possession.
The testimony of the expert and the articles introduced into evidence were sufficient evidence for the jury to find appellant guilty of violating Section 849.09(1) (d), Florida Statutes, F.S.A., aiding and assisting in the promoting, setting up, or conducting of a lottery, etc.
Appellant attempts to take issue with her conviction under Counts Two and Three of the information, the misdemeanor counts, although she was not sentenced thereunder. Proper jurisdiction to review these misdemeanors lies in the Circuit Court of Hillsborough County, pursuant to Sections S and 6, Article V, Constitution of Florida, F.S.A., and Section 924.08, Florida Statutes, F.S.A.; Wyche v. State, Fla.App. 1965, 178 So.2d 875.
Next, appellant contends that a statement made near the end of Deputy Hen-ning’s testimony that his office “knew” that appellant was selling Bolita was so prejudicial that a mistrial should have been declared.
This statement was made on redirect examination in response to a question propounded on re-cross that Deputy Henning could not then fully answer. The court below, after sustaining an objection to this statement, instructed the jury to disregard it. Although the statement by Deputy Henning was improper, we have reviewed the record and we believe the trial judge did not abuse his discretion, under the circumstances, in not declaring a mistrial. See: Brown v. State, 1926, 91 Fla. 682, 108 So. 842, where the Supreme Court affirmed a conviction when the judge instructed the jury to disregard improper remarks made in the course of trial. See also, Morris v. State, 1930, 100 Fla. 850, 130 So. 582, where it was correct procedure for the court to instruct the jury to disregard the improper remarks rather than to declare a mistrial.
Thirdly, appellant argues that the information was so vague and misleading that it failed to apprise the defendant of whether she was charged with involvement in “Bo-lita,” “Cuba” or “New York Bond.”
The record shows that “Bolita” and “Cuba” are merely two different names for the same lottery. The information is framed in the substantial language of Section 849.09(1), Florida Statutes, F.S.A. The record also shows that the organizational set up of Bolita and New York Bond is the same for either named lottery. 'The lottery statute makes no distinction in nomenclature; the acts for which one can be convicted under the statute are the same illegal acts whether the name of the lottery is “Bolita” or “New York Bond.” The information was not misleading or vague; the court below committed no error in failing to quash it.
Lastly, appellant asserts that the search warrant and affidavit were not legally sufficient because they failed to describe the particular premises to be searched. The warrant gave authority to search a dwelling located at 306 Water, Plant City, Hillsborough County, Florida. Appellant testified she lived at 306 South Water Street, Plant City. We believe the description in the affidavit and warrant sufficient where the searching officer had kept the house under surveillance the previous evening and could locate it as described with certainty. See, Bonner v. *464 State, Fla.1955, 80 So.2d 683, where the search warrant was sufficient, though slightly incorrect, when, as here, the officer knowing the locality could find the proper designated dwelling without error.
Affirmed.
LILES, J., and DOWNEY, JAMES C, Associate Judge, concur.