279 So.2d 71 (1973)
STATE of Florida, Appellant,
v.
Anthony E. GALLO, Appellee.
STATE of Florida, Appellant,
v.
Richard KRANZ, Appellee.
Nos. 72-896, 72-897.
District Court of Appeal of Florida, Second District.
June 8, 1973.
*72 Robert L. Shevin, Atty. Gen., Tallahassee, and P.A. Pacyna and David Luther Woodward, Asst. Attys. Gen., Tampa, for appellant.
Jerry D. Bell, St. Petersburg, for appellee Gallo.
James A. Gardner, Public Defender, and Mary Jo M. Gallay, Asst. Public Defender, Bradenton, for appellee Kranz.
HOBSON, Acting Chief Judge.
The lower court entered its order suppressing as evidence a particularly described television set on the ground that the search warrant and supporting affidavit did not properly describe the premises searched. Appellant brings this interlocutory appeal to review that order.
The search warrant and affidavit described the apartment house in great detail, and the particular apartment as being "located on the second floor, third door on the north side from the stairway, the door of which is painted pink with the number `10' affixed, ... and said apartment or room `10' being under the custody and control of one Richard H. Kranz."
The discrepancy arises by virtue of the number on the door of the apartment. The search warrant and affidavit stated that the number posted on the door of the apartment to be searched was number "10", whereas the apartment searched at the location described in the warrant and affidavit was designated as No. "11".
The executing officer testified that he was guided to the particular apartment by information that he had received, and that the apartment searched was located on the north side of the building, second floor, three doors from the west, which was the only apartment located at that particular location. When he went into that apartment both appellees were inside and the television set described in the search warrant was in plain view in the premises. Subunit No. "10" was never approached by the officers.
The description in the search warrant of the place to be searched, and which was in fact searched, would have been sufficiently specific without reference to the number on the door. Therefore, the incorrect designation of the number was surplusage; State v. Lemon, Fla.App. 1968, 212 So.2d 322; United States v. Contee, D.C.D.C. 1959, 170 F. Supp. 26; United States v. Pisano, S.D.N.Y. 1961, 191 F. Supp. 861; United States v. Sklaroff, S.D.Fla. 1971, 323 F. Supp. 296, 319; see Annotation, 11 A.L.R.3rd 1330; and was of such a minor nature as not to invalidate the search warrant; Bonner v. State, Fla. 1955, 80 So.2d 683; Smith v. State, Fla. App. 1966, 182 So.2d 461.
By stating that the apartment was "under the custody and control of one Richard H. Kranz" the warrant designated one particular place to be searched to the exclusion of all others, and an officer, with reasonable effort, could identify the apartment as the one to be searched. Seymore v. State, Fla.App. 1959, 110 So.2d 460; United States v. Contee, supra; see Annotation, 11 A.L.R.3rd 1330, 1340.
We hold that the lower court erred in granting appellees' motions to suppress the television set, but correctly denied the motions to suppress the automatic pistol which was thrown out the window of the apartment searched. Even if the warrant were invalid, the occupants of the apartment at their own risk abandoned the pistol *73 by throwing it out the window in an area where anyone had a right to be. Riley v. State, Fla.App. 1972, 266 So.2d 173.
The order appealed is reversed in part and affirmed in part.
McNULTY and BOARDMAN, JJ., concur.