358 So.2d 1117 (1978)
Edd SHEDD, Appellant,
v.
STATE of Florida, Appellee.
No. GG-322.
District Court of Appeal of Florida, First District.
May 4, 1978.
Rehearing Denied June 6, 1978.
*1118 William J. Dorsey of Dorsey & Arnold, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., A.S. Johnston, Asst. Atty. Gen., for appellee.
MILLS, Acting Chief Judge.
A jury convicted Shedd of receiving stolen property. He appeals contending the trial court erred in denying his motion to suppress evidence seized from his home.
A search warrant was issued describing the property to be searched as:
"A house located at 5738 Blanding Boulevard, Jacksonville, Duval County, Florida, more particularly described as follows. The location to be searched is a wood frame house, green in color with white trim. The house has a front porch facing Blanding Blvd. Directly in front of the location to be searched is a mailbox with the numbers 5738 painted on the mailbox."
Shedd filed a motion to suppress the evidence seized on the grounds that the search warrant did not authorize a search at 6573 Blanding Boulevard and that the warrant did not particularly describe the premises at 6573 Blanding Boulevard as the place to be searched.
At the suppression hearing, the evidence adduced showed that the house searched was located at 6573 rather than 5738 Blanding Boulevard; that the house searched was basically concrete block rather than wood frame; that the front porch faced south rather than west toward Blanding Boulevard; and that the mailbox in front of the house searched had the numbers 6573 painted on it rather than 5738. 5738 Blanding Boulevard was located 1.1 miles from 6573 Blanding Boulevard. The house searched was green in color with white trim, was on the east side of Blanding Boulevard, and was under constant surveillance from the time officers received information concerning it until the search warrant was issued. The officer who gave the affidavit on which the warrant was issued stated that he and the officer accompanying him went directly to Shedd's home after the warrant was issued and paid no attention to the address given in the warrant or to the numbers on the mailbox. They relied on their independent knowledge of Shedd's home.
Search warrants are to be strictly construed. The authority to search is limited to the place described in the warrant. This does not include additional or different places. Keiningham v. United States, 109 U.S.App.D.C. 272, 287 F.2d 126 (1960). See also State v. Lee, 247 La. 553, 172 So.2d 678 (1965), and United States v. Kenney, 164 F. Supp. 891 (D.D.C. 1958).
In a search warrant, the description of the place to be searched must be sufficient enough to point out the place to be searched to the exclusion of all others and on inquiry lead the searching officers unerringly to it. Jackson v. State, 87 Fla. 262, 99 So. 548 (Fla. 1924).
The search warrant here fails to do this. A search of a citizen's residence must be based on the description set forth in the warrant and not left to the discretion of an officer. In the case before us, an officer without independent knowledge would have searched an incorrect residence. This can and must be avoided. It can be avoided by obtaining an accurate description of the place to be searched, setting forth this description in the warrant, and then searching the place described in the warrant. The Constitution requires no less.
*1119 The State's reliance upon Smith v. State, 182 So.2d 461 (Fla. 2d DCA 1966), and State v. Gallo, 279 So.2d 71 (Fla. 2d DCA 1973), is misplaced. In the Smith case, the warrant omitted the word "South" from the address. Otherwise, the address was correct and apparently there was no other such address on the designated street. The court found that the house could be located as described with certainty. In the Gallo case, the warrant contained an incorrect apartment number. The court found this was a minor mistake and surplusage where the description of the place to be searched was otherwise sufficiently specific without reference to the apartment number.
We reverse the judgment appealed and remand for a new trial.
ERVIN and BOOTH, JJ., concur.

ON PETITION FOR REHEARING DENIED
MILLS, Acting Chief Judge.
By its petition for rehearing, the State points out several inaccuracies appearing in the second paragraph on page 2 of the Court's opinion of 4 May 1978. The Court amends the phrase "that the front porch faced south rather than west toward Blanding Boulevard" to read "that a portion of the front porch faced Blanding Boulevard", and amends the sentence "5738 Blanding Boulevard was located 1.1 miles from 6573 Blanding Boulevard." to read "Although a 5738 Blanding Boulevard was not located, if it existed it would have been located 1.1 miles from 6573 Blanding Boulevard." After making these amendments, the State's petition was considered and is denied.
ERVIN and BOOTH, JJ., concur.