BOARDMAN, Acting Chief Judge.
The state contends that the trial court erred in granting appellees’ motion to suppress. We agree and reverse.
After a hearing, the trial court found the search warrant contained several defects: (1) the residence to be searched was stated as 6815 South Wall Street instead of 6813 South Wall Street which was actually searched; (2) the photographs of the residence were not attached to the warrant as was asserted in the informant’s affidavit; and (3) the statements of the confidential informant were uncorroborated and, therefore, there was no probable cause to justify the issuance of the warrant. The description of the property was recited in the warrant as follows:
*824 ONE STORY CONCRETE BLOCK RE-SIDNECE (sic) BEING WHITE IN COLOR AND HAYING LIGHT BLUE TRIM ON WINDOW LEDGES AND ROOF MOLDING. SAID RESIDENCE HAVING IMITATION BRICK ON LOWER HALF OF WALL FACING EAST. SAID RESIDENCE TO BE SEARCHED HAVING AN OPEN CARPORT ON SOUTH SIDE OF STRUCTURE, AND SUPPORTED BY WHITE BEAMS. THAT SAID BEAM LOCATED ON SOUTHEAST CORNER OF SAID RESIDENCE HAVING NUMERALS 6815, BLACK IN COLOR AND AFFIXED IN A VERTICAL POSITION. ABOVE DESCRIBED RESIDENCE HAS A FOUR FOOT CHAIN LINK FENCE SURROUNDING SAID PROPERTY.
MORE SPECIFICALLY, THE RESIDENCE TO BE SEARCHED HAVING AN ADDRESS OF 6815 SOUTH WALL STREET, TAMPA, HILLSBOROUGH COUNTY, FLORIDA, AND BEING THE FOURTH RESIDENCE ON THE WEST SIDE OF SOUTH WALL STREET, NORTH OF PRESCOTT AVENUE.
It is conceded that the address is incorrect. Nevertheless, we believe that this mistake does not render the search warrant invalid. The description of the residence was sufficient to lead and indeed did lead the officers directly to the house to be searched. See State v. Gallo, 279 So.2d 71 (Fla.2d DCA 1973). The same reasoning can be applied to the absence of the photographs. In light of the specific description of the residence contained in the warrant, they would be mere surplusage.
In State v. Wolff, 310 So.2d 729 (Fla.1975) it was held that where the warrant contains information showing reliability of the confidential informant, his testimony standing alone can provide sufficient probable cause to uphold the validity of the search warrant. Since in this case the warrant did contain information which showed reliability of the confidential informant there was sufficient probable cause to issue the warrant.
Accordingly, the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
OTT and DANAHY, JJ., concur.