PER CURIAM.
An appeal from a judgment of conviction for possession of illegal narcotics, entered after appellant had entered a plea of nolo, conditioned upon his right to appeal the denial of his motion to suppress which alleged that the affidavit attached to the search warrant failed to describe with particularity the place to be searched.
Although the description in the affidavit of the premises to be searched was color-ably ambiguous, the premises (apartment number eight in a certain apartment building) were nevertheless sufficiently described in the search warrant. Additionally, the search warrant did not incorporate the description in the affidavit by reference. It has been held that it is the description in a search warrant, not the language in the affidavit, which determines the place to be searched. Booze v. State, 291 So.2d 262 (Fla.2d DCA 1974); United States v. Kaye, 432 F.2d 647. (D.C. Cir. 1970).
Following the advice of the United States Supreme Court in United States v. Ventresea, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), that courts should not apply hypertechnical constructions to warrants, but should rather construe them in a com *196 mon sense fashion, we agree that the allegations in both the affidavit and the search warrant support the trial court’s implicit finding that the informer purchased the drugs only in apartment number eight. See also State v. Heape, 369 So.2d 386 (Fla.2d DCA 1979), and State v. Houser, 364 So.2d 823 (Fla.2d DCA 1978).
AFFIRMED.
ERVIN, SHAW and THOMPSON, JJ., concur.