## STATE OF FLORIDA v. FRANQUE
Case No. 84-135-CF-A-33

Sixteenth Judicial Circuit, Monroe County

March 14, 1985

### APPEARANCES OF COUNSEL

Office of State Attorney for plaintiff.

Office of Public Defender for defendant.

### OPINION OF THE COURT

DAVID P. KIRWAN, Circuit Judge.

This cause came on to be heard on the Motion to Suppress Evidence filed by defendant, Gilberto Franque, and the Court having considered the evidence presented, the argument of counsel for State and defendant, and the Court being otherwise fully advised in the premises, finds as follows:

On July 27, 1984, at approximately 1:30 p.m., Jack Ramsey of 9 Pelican Drive, Key Largo, notified the Plantation Key substation of the Monroe County Sheriff's Office that a disturbance was occurring at 10 Pelican Drive (across the street).

Deputy Scott Freeman, responding to the call, went to the scene. When he arrived he found no one home. The officer contacted Jack Ramsey, the neighbor, who stated he thought the involved parties may have left. Officer Freeman had, on two prior occasions, been to the residence in response to calls alleging loud, violent domestic altercations. On the second of these calls the defendant's wife alleged that she had been beaten by defendant and she appeared "all bloody". The officer had arrested the defendant on that occasion for spouse abuse. At the July 27 call the officer knew the defendant was on pretrial release on the spouse abuse charge.

The officer decided to make a cursory walk-around inspection of the defendant's mobile home. His stated reason for this action was to make sure that no unconscious or disabled victim remained upon the premises based upon the nature and number of the calls to defendant's residence.

He opened an unlocked gate and walked the perimeter of the trailer. As he walked by the southeast corner of the trailer he looked down and saw a leather briefcase or satchel which was open. He saw numerous unmatched items of camera equipment and radios. An expensive-looking tripod lay on the ground next to the briefcase. The officer, because of the type of equipment, number of items, and the fact that it was left unattended outside, believed the property to be stolen.

Officer Freeman, unsure as to how to proceed, called for two detectives to assist him. Upon their arrival, they removed items from the open bag and compared the serial numbers on the items to those which had been reported stolen. This comparison yielded positive results.

Armed with this information, the detectives obtained a search warrant and conducted a search of defendant's home finding numerous other items of stolen property. The search warrant contained a material defect in the description of the premises to be searched.

Defendant attacks the legality of the search and seizure based upon the following arguments:

1. The initial entry upon the property by Officer Freeman was illegal;

2. The subsequent examination of the stolen goods outside the mobile home was illegal in that the briefcase was not in "plain view"

because Officer Freeman was not in a place where he had a right to be when he discovered the briefcase;

3. That the detectives who were called to the scene entered the property illegally;

4. That the search pursuant to the search warrant was illegal because it was obtained pursuant to probable cause resulting from the foregoing alleged illegal acts or, alternatively, the warrant is fatally defective because it contains an incorrect description of the premises to be searched.

The Court rejects all but the last argument posited by defendant and finds:

1. Addressing the first point, the Court determines that the entry of Officer Freeman onto the property of defendant for the purpose of making a cursory walk-around look at the exterior of defendant's mobile home was lawful. This act constituted a minimal intrusion onto the property in the light of the totality of the officer's prior knowledge of the violent domestic arguments and physical violence that had taken place at the home. Officer Freeman was justified in entering upon the property for the limited purpose of ascertaining whether there might be an injured or unconscious victim on the property. The officer's prior knowledge, coupled with the reports that he had just received that there was physical violence occurring on the property, constituted an exigent circumstance such that this minimal intrusion onto defendant's property was lawful. *Jones v. State*, 440 So.2d 570 (Fla. 1983). A comparison of the facts in the case at bar with those in *Jones v. State* (supra) would indeed reveal that the circumstances in *Jones* were of much greater exigency. However, the police intrusion in *Jones* was likewise greater. The intrusion by Officer Freeman into the defendant's yard, while admittedly a constitutionally protected area, was not only justifiable due to exigent circumstances but was necessary to ascertain whether the life of another person was in danger.

2. The seizure of the briefcase and its contents was lawful under the "plain view" doctrine.

There are three conditions necessary to sustain a plain view search under *Coolidge v. New Hampshire*, 403 U.S. 443 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971). These conditions require that: (1) the police officer must be in a place where he has a lawful right to be; (2) in the course of his presence the officer inadvertently comes upon an object which is openly visible; and (3) it must be immediately apparent to the officer that the object constitutes evidence of a crime. *Neary v. State*, 384 So.2d 881 (Fla. 1980).

The Court has determined that Officer Freeman was in a place where he had a lawful right to be. The discovery of the openly visible briefcase was inadvertent. As regards the requirement that the incriminating nature of the object must be immediately apparent, probable cause is the standard of certainty which must accompany this recognition. *United States v. Marshall*, 452 F.Supp. 1282 (U.S. Dist. Ct., So.Dist. Fla. 1978). Discovery of these numerous, diverse, and expensive items, left to the elements in an open briefcase and on the ground, is sufficient to rise to a minimal level of probable cause that the items had been stolen. Examination of the contents of the bag and comparison of their serial numbers with those of items reported stolen was also permissible. A lawful search of fixed premises extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. *United States v. Ross*, 102 S.Ct. 2157 (1981). When a legitimate search is underway, and when its purpose and its limits have been precisely defined (in this case—to determine whether the objects found had been stolen), nice distinctions between closets, drawers and containers . . . must give way to the interest in the prompt and efficient completion of the task at hand. *Id.,* at 2170.

3. Nor does it matter that Officer Freeman summoned assistance from the detectives to aid in the examination of the objects. If it is legal for Officer Freeman to examine the objects it is also legal for him to seek the help of his fellow officers to accomplish the task.

4. Having determined that the actions of the State in seizing the property discovered outside the defendant's mobile home were lawful, the Court turns to the issue of the insufficiency of the property description in the warrant. The erroneous description of the place to be searched requires suppression of the items found inside the defendant's home. The property description in the affidavit and search warrant are clearly erroneous. The property is described as the fourth trailer on the right hand side of Pelican Drive. In fact, defendant's home is the third trailer on the left side of the road. No house number appears on the defendant's mobile home. The warrant describes a "blue & white.." mobile home. Defendant's home is, in fact a two-tone blue. In this case, the error is much more than a technical one. It is clear that the property description is not sufficient enough to point out the place to be searched to the exclusion of all others and on inquiry lead the searching officers unerringly to it. *Shedd v. State*, 358 So.2d 1117 (Fla. 1st DCA 1978).

84

Recently, the Florida Supreme Court has reaffirmed the requirement of Article I, Section 12, Florida Constitution (1968) and Florida Statute 933.05 that a search warrant must particularly describe the person, place or thing to be searched. In the case of *Carlton v. State,* 449 So.2d 250 (Fla. 1984) the Court stated:

> We believe that the particularity requirement and its constitutionality must be judged by looking only at the information contained within the four corners of the warrant. We do not believe that the drafters of our constitution and this state's legislators intended that the language of a warrant be scrutinized and compared to the knowledge of the officer seeking the warrant and/or the information contained in the supporting affidavit. We simply cannot uphold the argument that the validity of a search warrant should depend in large part, on whether the issuing magistrate had the ability and information to describe the property with a greater degree of particularity than he did. A valid warrant is always based on an affidavit which particularly describes the place to be searched and the person and thing to be seized. 933.05, Fla. Stat. (1981)

The State has sought to sustain the warrant on the basis that the executing officers were acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid. *United States v. Leon,* 35 Crim. L. Rep. 3273 (S.Ct. 1984). The State's reliance is misplaced. In *Leon,* the United States Supreme Court found that officers could not reasonably rely on a search warrant that was facially deficient. Specifically, the Court stated:

> Finally, depending on the circumstance of the particular case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid.

For the foregoing reasons, it is,

ORDERED as follows:

1. The Motion to Suppress evidence is DENIED as to those items seized by Officer Freeman outside the defendant's mobile home;

2. The Motion to Suppress evidence is GRANTED as to those items seized pursuant to the search warrant in this cause.

Editor's Note: This case has been appealed to the Third District Court of Appeal and is currently pending.