529 So.2d 805 (1988)
Tommy CARR, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1246.
District Court of Appeal of Florida, First District.
August 10, 1988.
*806 Michael E. Allen, Public Defender, Sharon Bradley, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences for possession of cocaine with intent to sell, possession of cannabis, and possession of drug paraphernalia. Appellant argues that the physical evidence should have been suppressed as the product of an unlawful search, since the search warrant misidentified the number of appellant's apartment unit. We conclude that this inaccuracy did not vitiate the warrant in the circumstances of this case, and we therefore affirm the orders appealed.
Physical evidence was seized during a search of appellant's residence pursuant to a warrant which described the premises as "occupied by or under the control of" appellant and another named individual. The warrant gave detailed street directions to the residence, specifying that it was in an apartment building with three units and that "number one is the premises to be searched and it can be identified by the numeral one (1) marked on the door." Near the conclusion of the search, after contraband and incriminating evidence had been found, the officers became aware that the warrant description of the apartment unit was inaccurate since appellant's residence actually had the numeral three on the door. At a suppression hearing the evidence indicated that appellant's apartment was described in the warrant as the number one unit because of its physical orientation with the street numbers in the area. It also established that the officer who applied for the warrant, and other officers who executed the warrant, had maintained a lengthy surveillance and knew that for over a month appellant had occupied the apartment which they searched.
The authority to search pursuant to a warrant is limited to the place described in the warrant, and the description must be sufficiently particularized to lead the searching officers to the place intended. See Shedd v. State, 358 So.2d 1117 (Fla. 1st DCA 1978); see also, United States v. Sklaroff, 323 F. Supp. 296 (S.D. Fla. 1971). A residence may be described with reference to its occupants, see State v. Gallo, 279 So.2d 71 (Fla. 2d DCA 1973); see also, United States v. Hassell, 427 F.2d 348 (6th Cir.1970), and a prior or continuing surveillance of the premises may be considered in connection with the warrant description of the place to be searched. See United States v. Bonner, 808 F.2d 864 (1st Cir.1986); United States v. Gitcho, 601 F.2d 369 (8th Cir.1979); but compare Shedd, supra. An inaccuracy in the warrant, such as an incorrect address or apartment number, does not invalidate the warrant if the place to be searched is otherwise sufficiently identified in the warrant. See State v. Houser, 364 So.2d 823 (Fla. 2d *807 DCA 1978); Gallo, supra. See also, Sklaroff, supra.
In the present case the warrant contained detailed directions to the small apartment building in which appellant resided and described the apartment to be searched as the one occupied by appellant and another named individual. The officers were aware of appellant's residence through their surveillance of the premises, and were able with reasonable effort to identify the place to be searched in accordance with the warrant description. In the circumstances presented the inaccuracy in the warrant with regard to the apartment number did not place the officers in doubt as to the premises to be searched and does not invalidate the warrant.
The judgments and sentences appealed are affirmed.
ERVIN and BOOTH, JJ., concur.