PER CURIAM.
The defendant, Joseph Swain, appeals from his convictions and sentences. We affirm.
On September 1, 1994, a circuit court judge issued a search warrant on the basis of an affidavit submitted by City of Miami Police Officer Torrence Gary. The search warrant authorized the police to search a residence that was described as follows:
“The Premises” is located in a C.B.S. constructed two-story apartment building, pink in color with white trim located on the east side of N.W. 12 Avenue and the north side of N.W. 65 Street. There is a partial address with the numerals “65” affixed to the west wall. North of the building there is an apartment complex with address of “6501”, and south of the building there is an apartment complex with the address of “6541”. “The Premises” is located on the second level of the building with numerals “18” affixed to the top of the front door which is brown in color, faces north and opens outward.
When preparing to execute the warrant, Officer Gary noticed that the description on the search warrant was inaccurate. Officer Gary notified his supervisor and with his supervisor’s permission, he crossed out the words, “north” and “south.” He then reinserted those words so that 6501 was now south of the premises to be searched and 6541 was north. The search warrant was executed and revealed the presence of several illegal substances that form the basis for the charges in this case.
Subsequently, the defendant filed a motion to suppress this evidence on two grounds: first, that the warrant did not describe the place to be searched with sufficient particularity and second, that the police had failed to comply with the knock and announce requirements when they were executing the warrant. The trial court denied the motion to suppress and the defendant plead nolo contendere with the right to raise these two issues on appeal. We disagree with both of his contentions.
First, we will address the sufficiency of the warrant. Because Florida law dictates that “[a] search warrant authorized by law may be issued by any judge ... or committing magistrate having jurisdiction where the place, vehicle or thing to be searched may be,” section 933.01, Florida Statutes (1993), we find that the police officer executing the warrant had no authority to alter the search warrant in question. Hart v. State, 89 Fla. 202,103 So. 633 (1925); see also, Shadwick v. City of Tampa, 407 U.S. 345, 350, 92 S.Ct. 2119, 2123, 32 L.Ed.2d 783 (1972) (holding that a search warrant must be issued by a “neutral and detached magistrate” and explaining that “[wjhatever else neutrality and detachment might entail, it is clear that they require severance and disengagement from activities of law enforcement.”).
Based on the foregoing, the correction made by the police officer is improper and invalid. However, we believe a proper analysis should not end here. If the warrant can stand on its own, absent the corrections, then the denial of the motion to suppress is proper. State v. Houser, 364 So.2d 823 (Fla. 2d DCA 1978).
*188 In the instant case, the warrant has a clear and detailed description of the building and of the location of the apartment to be searched. Consequently, we find that the technical error in describing the location of the building on either side, the transposition of the words, “north” and “south,” does not render the search warrant invalid.
Second, the defendant has also raised the issue that the search was invalid because the officers violated the knock and announce rule in executing the warrant. Again, we disagree.
A careful review of the record indicates that at the conclusion of the hearing on the motion to suppress, the trial court found that Officer Gary was a credible witness and quoted from the officer’s testimony as to the manner of compliance with the knock and announce rule.
Therefore, we find that the court properly denied the motion to suppress as to both grounds.
Affirmed.