871 So.2d 918 (2004)
Johnnie LAMM, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-481.
District Court of Appeal of Florida, Fifth District.
March 12, 2004.
Rehearing Denied May 5, 2004.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Johnnie Lamm ("Lamm"), appeals his judgment and sentence which were imposed by the trial court after a jury found him guilty of committing the crime of possession of a firearm by a convicted felon. Finding no reversible error with regard to Lamm's judgment of guilt, we affirm. However, since the jury failed to specifically find that Lamm actually possessed a firearm, we strike the portion of Lamm's sentence which imposed a mandatory minimum term of three-years imprisonment.
Lamm was charged by information with possession of a firearm by a convicted felon.[1] The information alleged that *919 Lamm did "unlawfully own or have in his care, custody, possession or control, a certain firearm." The jury was instructed on constructive and joint possession, as well as actual possession, of a firearm. The jury found Lamm guilty as charged in the information, but did not make any finding that he actually possessed the firearm.
At the sentencing hearing, Lamm argued that since the jury had not made a specific finding whether he had actual, joint, or constructive possession of the firearm, the trial court could not impose a mandatory minimum three-year sentence pursuant to section 775.087(2)(a)1. of the Florida Statutes. Notwithstanding Lamm's argument, the trial court sentenced him to a term of 43 months in the Department of Corrections, including a three-year mandatory minimum sentence. This sentence was improper.
In Johnson v. State, 855 So.2d 218 (Fla. 5th DCA 2003), we held that the imposition of a mandatory minimum sentence was error absent a jury finding of actual possession. As the Supreme Court noted in State v. Hargrove, 694 So.2d 729 (Fla. 1997), even when the use of a firearm is uncontested, there must be a specific finding by the jury because the jury is the fact finder and use of a firearm is a finding of fact. Accordingly, we strike the three-year mandatory minimum portion of Lamm's sentence and direct that upon remand the trial court enter a corrected sentencing order. The defendant need not be present for this correction of sentence. See Trumbower v. State, 849 So.2d 1183 (Fla. 2d DCA 2003)(holding that defendant did not need to be present for resentencing when the only change required on remand was to remove a three-year mandatory minimum term).
Judgment AFFIRMED; sentence AFFIRMED as corrected; cause REMANDED for entry of a corrected sentencing order.
SAWAYA, C.J., and PETERSON, J., concur.
NOTES
[1] See § 790.23, Fla. Stat. (2001).