992 So.2d 363 (2008)
Jesse Keith WIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2215.
District Court of Appeal of Florida, Fifth District.
October 3, 2008.
James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
We have considered the defendant's challenges to the sufficiency of the search warrant and find them to be without merit. See State v. Maynard, 783 So.2d 226 (Fla. 2001) (anonymous tip may lead to probable cause where it is sufficiently corroborated by police); Carr v. State, 529 So.2d 805, 806 (Fla. 1st DCA 1988) ("An inaccuracy in the warrant, such as an incorrect address or apartment number, does not invalidate the warrant if the place to be searched is otherwise sufficiently identified in the warrant.").
*364 While not raised by the parties, review of the record reflects that while the defendant was found guilty of second degree murder with a firearm, the judgment erroneously adjudicates the defendant guilty of "first degree murder with a firearm." The Criminal Punishment Scoresheet correctly reflects the primary offense at sentencing to be second degree murder (with a firearm). This fundamental error in the judgment should be corrected by the trial court on remand by way of entry of a corrected judgment. Given the ministerial nature of the correction, the defendant need not be present for such correction. Lamm v. State, 871 So.2d 918 (Fla. 5th DCA 2004).
AFFIRMED; remanded for entry of a corrected judgment to reflect the defendant's conviction for second degree murder with a firearm.
ORFINGER and TORPY, JJ., concur.